**COMMITTEE ON LEGISLATIVE RESEARCH OF the MISSOURI GENERAL ASSEMBLY, Harry Wiggins, Harold L. Caskey, Ronnie DePasco, Mike Lybyer, Thomas W. McCarthy, Walt Mueller, John T. Russell, Marvin Singleton, Irene Treppler, Larry Thomason, Stephen Banton, Doyle Childers, F.E. Copeland, W.T. Dawson, Raymond W. Hand, Christopher S. Kelly, David J. Klarich, Sheila Lumpe, and Annette N. Morgan, Appellants,**

v.

**Alversie MITCHELL, Craig Robbins, and Gus Stroud, Respondents.**

No. WD 50139.

Missouri Court of Appeals, Western District.

Oct. 21, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 27, 1994.

Application to Transfer Denied Oct. 28, 1994.

---

**2.** Appropriately, wife's motion to dismiss appeal is denied.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen King Mitchell, Stephen R. Martin, II, Asst. Attys. Gen., Jefferson City, for appellants.

Lewis C. Green, Kathleen G. Henry, St. Louis, for respondents.

Before SPINDEN, P.J., and ULRICH and HANNA, JJ.

## PER CURIAM.

At issue in this case is the legality of the fiscal note summary attached to an initiative proposition, Proposition A concerning campaign finance disclosure, which will appear on the ballot in the November 8, 1994, general election. The trial court rewrote the fiscal note after concluding that the one prepared by the Oversight Division of the Committee on Legislative Research was not sufficient. The committee and its members, all members of the General Assembly, appeal. We reverse.

On September 2, 1994, the Secretary of State certified Proposition A as a proper initiative petition to be included on the ballot for the November 8, 1994, general election. On the same day, pursuant to § 116.170.2,[1] the Oversight Division prepared a fiscal note. Four days later, on September 6, 1994, the Committee on Legislative Research prepared a fiscal note summary and submitted it to the Secretary of State.

The committee concluded that Proposition A duplicated Senate Bill 650, enacted this past General Assembly to amend Missouri's Campaign Finance Disclosure Act. The committee, therefore, said in its fiscal note, "[The] Oversight [Division] has assumed for the purposes of this fiscal note, that since the Ethics Commission has already made these requests in the fiscal note for Senate Bill 650 which was signed into law, there would be no additional administrative costs due to this initiative proposal[.]" In its fiscal note summary, the committee said, "The administrative impact of this proposal would largely duplicate that of recently passed legislation."

Alversie Mitchell, Craig Robbins, and Gus Stroud, members of Missourians for Campaign Finance Reform which sponsored the initiative petition drive leading to Proposition A, filed on September 15, 1994, a petition to certify the fiscal note summary. In their petition, the plaintiffs contended:

The fiscal note summary is ... insufficient, unfair, unlawful, misleading, deceptive, and in violation of § 116.170, R.S.Mo., in that it:

A. does not state the measure's estimated cost or savings, if any, to state or local governmental entities; and

B. is vague and confusing, and implies falsely and unfairly that the measure would be responsible for a portion of some unstated cost to state or local governmental entities.

. . . .

... Plaintiffs, pursuant to § 116.190.3,[2] request a sufficient, fair, truthful, lawful fiscal note summary reading, in the language of the fiscal note, as follows: "There would be no additional administrative costs due to this initiative measure."

The only evidence received by the trial court was the parties' stipulated facts. The only facts contained in the stipulation, not reported above, were: "Senate Bill 650 will require many of the same administrative per-

---

1. All cited statutes are from the 1993 cumulative supplement to the 1986 Revised Statutes of Missouri. Section 116.170.2 says, "Within five days after certifying a constitutional amendment petition, a statutory initiative petition or a referendum petition as sufficient, the secretary of state shall transmit a copy of the measure to the oversight division of the committee on legislative research. Within ten days thereafter the oversight division of the committee on legislative research shall prepare a fiscal note for the proposed measure, and the committee on legislative research shall provide a fiscal note summary to be printed on the official ballot for the proposed measure to the secretary of state."

2. This statute says, "The petition shall state the reason or reasons why the official ballot title is insufficient or unfair or why the fiscal note and fiscal note summary are insufficient or unfair and shall request a different official ballot title or fiscal note and fiscal note summary."

sonnel and equipment which would be required to administer the initiative measure."

On October 13, 1994, the trial court entered judgment for Mitchell, Robbins, and Stroud and ordered that the fiscal note summary provided by the committee be set aside. The trial court announced a finding "that the fiscal note summary is insufficient and violates the governing statute, Section 116.170, RSMo., in that the summary fails to state the measure's estimated cost." The trial court certified to the Secretary of State its own fiscal note summary which said, "There would be no additional administrative costs due to this initiative measure." We reverse.

▮ Section 116.190.1 gives standing to any citizen who desires to challenge a fiscal note summary to file a petition in the circuit court of Cole County. Section 116.190.4 provides that "[t]he court shall consider the petition, hear arguments, and in its decision certify the official ballot title or fiscal note and fiscal note summary to the secretary of state." The trial court is to review the challenged fiscal note summary to determine whether it is sufficient and fair.

Both sides agree that Proposition A will have no costs, and the trial court concurred. We infer from the trial court's silence on the issue that it found the fiscal note summary to be fair. Rule 73.01(a)(3) says, "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." The trial court rejected the committee's fiscal note summary as "insufficient" because it did not report that the proposition would incur no costs as a result of Senate Bill 650's enactment.

▮ The statute governing the reporting of costs in a fiscal note summary is § 116.170.3 which says, "The fiscal note and fiscal note summary shall state the measure's estimated cost or savings, if any, to state or local governmental entities." The committee contends that because the proposition would not cause any additional costs, it did not need to address cost in the fiscal note. We agree.

▮ If the trial court were correct in its conclusion that for a fiscal note summary to be sufficient it must address cost even when a proposition would not generate any cost, the phrase "if any" in § 116.170.3 would be rendered surplusage. We should not interpret statutes in a way which will render some of their phrases to be mere surplusage. We must presume that every word of a statute was included for a purpose and has meaning. *Hadlock v. Director of Revenue*, 860 S.W.2d 335, 337 (Mo. banc 1993). Employing that rule of statutory construction to § 116.170.3, we conclude that the General Assembly intended to require that a fiscal note summary address the issue of cost or savings only when the proposition incurred either.

"[A]ny" in § 116.170.3 refers to "cost" or "savings." Its dictionary definition is "one or more: ... *not none*—used as a function word to indicate a positive but undetermined number or amount[.]" WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 97 (unabridged 1971) (emphasis added). "If" expresses condition. Its dictionary meaning is "in the event that: in case[;] ... so long as: on condition that[.]" *Id.* at 1124.

▮ Giving statutory language its plain and ordinary meaning is a traditional, mandatory rule of statutory construction. *Hadlock*, 860 S.W.2d at 337. Applying this rule, § 116.170.3 requires that cost be addressed in a fiscal note summary only in cases when a proposition has cost.

Mitchell, Robbins, and Stroud respond that this "is sophistry." We need not linger long on that notion for we agree with their further contention that "[t]he statute is plain." The General Assembly deems the issue of cost to be of significance only if the proposition has any. Because the parties agree that the proposition will generate no costs, the trial court erred in concluding that "the fiscal note summary is insufficient ... in that the summary fails to state the measure's estimated cost."

▮ Mitchell, Robbins, and Stroud alternatively contend that the fiscal note summary was unfair. The trial court ruled, by implication of its silence on the issue, that the summary was fair. It rested its decision entirely on insufficiency. Mitchell, Robbins, and Stroud did not cross-appeal. We should

not consider a contention of error not properly raised. "The general rule of appellate procedure is that, in the absence of a cross-appeal, the reviewing court is concerned only with the complaint of the party appealing and that the opposing party who filed no appeal will not be heard to complain of *any portion* of the trial court's judgment adverse to him." *Goldberg v. State Tax Commission*, 618 S.W.2d 635, 642 (Mo.1981) (emphasis added).

Because the trial court wrongly concluded that a fiscal note summary which did not address cost was necessarily insufficient, we reverse its judgment. We remand the case to the trial court with instructions that it certify to the Secretary of State the fiscal note summary proposed by the committee.