HIROTAKA MIYOI v. GOLD BOND STAMP COMPANY EMPLOYEES RETIREMENT TRUST AND OTHERS.

196 N. W. 2d 309.

March 17, 1972—No. 43498.

Shanedling, Phillips, Gross & Aaron and Felix M. Phillips, for appellant.

Levitt, Palmer, Bowen, Bearmon & Rotman, Lee Bearmon, and John Troyer, for respondents.

PER CURIAM.

This matter is before the court on a motion by defendants to dismiss plaintiff's appeal on the ground that the orders appealed from are not final or appealable orders.

Plaintiff was an employee of Premium Service Corporation (formerly Gold Bond Stamp Company). This corporation, prior to plaintiff's employment, had established a noncontributory retirement trust plan for the benefit of its employees. Defendants are the trust and trustees thereof. This retirement plan and trust agreement provide in effect that, should any employee be discharged for dishonesty, the amount standing to his credit would be forfeited subject to an arbitration proceeding for determination of whether the employer had just cause for the discharge.

Plaintiff's employment was terminated for alleged dishonesty to his employer. A notice was sent to him by the trustee-defendants that they had determined that there was cause for such discharge and that, unless plaintiff appealed for arbitration "in accordance with the terms of the Plan" and succeeded in reversing the trustees' determination, he would forfeit all amounts due him under the plan.

Plaintiff brought this suit to recover the amount allegedly due him under the plan and to enjoin the arbitration proceeding on the grounds that he had not agreed to arbitrate any dispute arising under the plan. At the hearing on the application for stay of the arbitration proceeding, plaintiff invoked the Uniform Arbitration Act, Minn. St. c. 572. Following that hearing, in which defendants moved to dismiss a temporary ex parte order restraining the arbitration proceeding, the court, on November 5 and November 9, 1971, issued orders staying plaintiff's action until the arbitration could be completed; permitting plaintiff to name an independent arbiter; and vacating the temporary restraining order.

Plaintiff appeals to this court from those orders pursuant to Rule 103.03, Rules of Civil Appellate Procedure.

The orders of the district court appealed from are not appealable orders since they are not final orders. Plaintiff's appointment of an arbiter will not constitute a waiver of his claim that there was no agreement to arbitrate and that the matter is consequently nonarbitrable. An appeal may be taken from the arbitration award should it be adverse to plaintiff's position. Minn. St. 572.26, subd. 1. In a somewhat comparable matter the court in Johnson v. Village of Plymouth, 281 Minn. 232, 161 N. W. 2d 306 (1968), dismissed an appeal from an order appointing an employer's representative on an adjustment panel established pursuant to Minn. St. 179.57, subd. 2, on the grounds the order was not a final or appealable order.

Chapter 572 specifically lists orders which are appealable. That list does not include an order denying a stay of arbitration sought under the Uniform Arbitration Act.

Rule 105 permits a discretionary review by this court. We are not inclined to grant a review under this rule as the order appealed from does not expose plaintiff to irreparable damage. For the reasons herein stated, the motion to dismiss the appeal is hereby granted. No costs are allowed to either party.

Appeal dismissed.