**KOWLER ASSOCIATES, Appellant,**

v.

**Teri ROSS, Respondent.**

No. C5–95–2573.

Court of Appeals of Minnesota.

March 26, 1996.

Kenton D. Rinker, Mendota Heights, for appellant.

Robert L. Grossman, Grossman & Millard, Minneapolis, for respondent.

Considered at Special Term and decided by TOUSSAINT, C.J., and AMUNDSON and WILLIS, JJ.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

### FACTS

The parties arbitrated their contract dispute. In the first proceeding, the arbitrator awarded appellant Kowler Associates $5,000 and allocated one-half of the costs of the arbitration to respondent Teri Ross. The district court vacated the award and remanded the matter to the arbitrator for rehearing after finding that the arbitrator exceeded his authority under the agreement.

A second arbitration hearing was held before the same arbitrator. In his second order, the arbitrator awarded appellant $10,000 and directed respondent to pay all costs of the proceeding. Appellant moved to confirm the award, and respondent moved to vacate the award. By order on November 6, 1995, the district court denied appellant's motion to confirm the award, granted respondent's motion to vacate the award, and remanded the case for rehearing before a successor arbitrator.

Appellant filed this appeal from the November 6, 1995, order. This court questioned whether the order is final and appealable because it directed a rehearing. Both parties submitted memoranda.

### DECISION

Appealable orders in arbitration proceedings are set out in Minn.Stat. § 572.26, subd. 1 (1994). *Miyoi v. Gold Bond Stamp Co. Employees Retirement Trust,* 293 Minn. 376, 378, 196 N.W.2d 309, 310 (1972). The statute provides:

> Subdivision 1. An appeal may be taken from:
>
> (1) An order denying an application to compel arbitration made under section 572.09;
>
> (2) An order granting an application to stay arbitration made under section 572.09(b);
>
> (3) An order confirming or denying confirmation of an award;
>
> (4) An order modifying or correcting an award;
>
> (5) An order vacating an award without directing a rehearing; or
>
> (6) A judgment or decree entered pursuant to the provisions of this chapter.

Minn.Stat. § 572.26, subd. 1.

Because the November 6, 1995, order vacating the award directs a rehearing, it is not appealable under Minn.Stat. § 572.26, subd. 1(5). *See Metropolitan Airports Comm'n v. Metropolitan Airports Police Fed'n,* 443 N.W.2d 519, 523 (Minn.1989) (judgment that vacated the arbitrator's award but also ordered rehearing not appealable). Appellant argues that there is a separate basis for the appeal under Minn.Stat. § 572.26, subd. 1(3), because the November 6, 1995, order denied confirmation of the award.

Upon application of a party, the court shall confirm an award, unless within the prescribed time limits grounds are urged for vacating or modifying or correcting the award. Minn.Stat. § 572.18 (1994). In such cases, the court shall proceed as provided in sections 572.19 and 572.20. *Id.* Because respondent timely sought vacation of the award, the separate procedure for determining whether the award should be vacated applied. *See* Minn.Stat. § 572.19 (1994).

The underlying action is a proceeding to vacate the award, and the decision to confirm the award depends on determination of the application to vacate. *See id.,* subd. 4 (if application to vacate is denied and no motion to modify or correct award is pending, court shall confirm award). Therefore, the order denying confirmation of the award is not appealable unless there is a basis for appeal of the prerequisite order vacating the award.

Moreover, if an order that vacates an award and directs rehearing were construed to be appealable as an order denying confirmation of the award, then section 572.26, subd. 1(5), would be of no effect and an order vacating an award always would be appealable, even if a rehearing has been directed. Such a construction would be inconsistent with the rules of statutory interpretation and the statutory prohibition against appeals from orders directing a rehearing. *See* Minn.Stat. § 645.17(2) (1994) (presumption

that the legislature intends the entire statute to be effective and certain).

An appeal may be taken from an order that denies confirmation, if the order also vacates the award without a rehearing. *See* Minn.Stat. § 572.26, subd. 1(3), (5). But when a rehearing is directed, appellate review is premature because the arbitration process has not been completed. *See AFSCME Council 14 v. St. Paul Ramsey Hosp.*, 425 N.W.2d 318, 319 (Minn.App.1988) (an order compelling arbitration is not appealable because it is not a final order).

Appellant also contends that the November 6, 1995, order is appealable as a declaratory judgment. *See Eckblad v. Farm Bureau Mut. Ins.*, 371 N.W.2d 78, 80 (Minn. App.1985) (jurisdiction over appeal accepted, where trial court went beyond ordering arbitration, actually interpreting insurance policies and deciding matter as a declaratory judgment action), *review denied* (Minn. Sept. 26, 1985). In this case, the district court vacated the award on grounds that the arbitrator exceeded his authority and evident partiality of the arbitrator. *See* Minn.Stat.

§ 572.19, subd. 1(2), (3). *Eckblad* does not authorize this appeal because appellant has not shown that the matter was treated and decided as a declaratory judgment action.

Alternatively, appellant requests that this court extend discretionary review to the November 6, 1995, order. Appellant has not shown a compelling reason for immediate appeal. *See Emme v. C.O.M.B., Inc.*, 418 N.W.2d 176, 179 (Minn.1988) (discretionary review should be limited to rare case presenting compelling reason for immediate appeal); *Miyoi*, 293 Minn. at 378, 196 N.W.2d at 310 (discretionary review denied where nonfinal arbitration order did not expose aggrieved party to irreparable damage).

**Appeal dismissed.**