**PRUDENTIAL SECURITIES, INC., Appellant,**

v.

**James E. VONDERGOLTZ, Appellee.**

No. 14–98–00435–CV.

Court of Appeals of Texas, Houston [14th Dist.].

Feb. 3, 2000.

Rehearing Overruled March 30, 2000.

William Karl Kroger, Jacalyn Ann Hollabaugh, Houston, for appellants.

J. Robin Lindley, Mark Alan Kerstein, Houston, for appellees.

Panel consists of Justices EDELMAN, DRAUGHN, and LEE.*

## OPINION

RICHARD H. EDELMAN, Justice.

Prudential Securities, Inc. ("Prudential") appeals the denial of its application to confirm an arbitration award and the granting of James E. Vondergoltz's application to vacate that award. We dismiss the appeal for lack of jurisdiction.

### Background

Prudential terminated Vondergoltz's employment and demanded that he repay a loan he had received pursuant to his employment agreement. After Vondergoltz refused to repay the loan, Prudential filed a statement of claim with the National Association of Securities Dealers Office of Dispute Resolution, seeking an award against Vondergoltz for the unpaid balance of the note. Vondergoltz counterclaimed that Prudential terminated his employment in violation of the Americans with Disabilities Act (the "ADA").

After a hearing, an arbitration panel awarded recovery to Prudential and ordered that Vondergoltz take nothing on his ADA counterclaim. Vondergoltz and Prudential filed applications to vacate and confirm the award, respectively. · The trial court denied the application to confirm, granted the application to vacate, and ordered rehearing before a new arbitration panel.

### Appealability of the Order

■ Vondergoltz contends that Prudential's appeal should be dismissed because

an appeal of an order vacating an arbitration award and directing rehearing of arbitration is an interlocutory order which is not appealable under the Texas General Arbitration Act (the "Act"). *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.098(a)(5) (Vernon Supp.2000). Prudential responds that this is also an appeal of an order denying confirmation of an arbitration award, which is appealable under the Act. *See id.* § 171.098(a)(3). Prudential further maintains that the trial court's order directing rehearing before new arbitrators commences the arbitration process anew, thereby making it a final order.

■ Under Texas procedure, appeals are generally available only from final orders or judgments disposing of all legal issues between all parties. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992) (orig.proceeding). However, Texas appellate courts also have jurisdiction to consider immediate appeals of interlocutory orders where permitted by statute. *See Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex.1998) (per curiam).

Among other instances not relevant here, a party may appeal an order: "(3) confirming or denying confirmation of an [arbitration] award; . . . or (5) vacating an award without directing a rehearing." TEX. CIV. PRAC. & REM.CODE ANN. § 171.098(a)(3), (5). Whether the Act allows an appeal from an order vacating an arbitration award and directing a rehearing is a question of first impression for Texas state courts. The United States Court of Appeals for the Fifth Circuit has observed that the predecessor statute to the Act, containing the same language, does not allow such an appeal.[1] Similarly, identical provisions in Maine and Minnesota statutes have been held not to allow an appeal of an order vacating an award and

---

1. *See Atlantic Aviation, Inc. v. EBM Group, Inc.*, 11 F.3d 1276, 1279 (5 th Cir.1994) (citing

former TEX.REV.CIV. STAT. ANN. art. 238–2 § A; current version without substantive change found at TEX. CIV. PRAC. & REM.CODE ANN. § 171.098).

directing rehearing, even if the order also denies confirmation.[2]

Prudential relies on a Missouri opinion holding that an identical provision of the Missouri arbitration statute permits the appeal of an order vacating an arbitration award and directing a rehearing if the trial court also denies confirmation of an award. *See National Ave. Bldg. Co. v. Stewart*, 910 S.W.2d 334 (Mo.Ct.App.1995). In that case, the court explained, "Had the General Assembly intended that an order denying confirmation of an award be unappealable if a rehearing is directed, the General Assembly could easily have added a proviso to subdivision (3) stating 'without directing a rehearing.'" Such a proviso appears at the end of subdivision (5)." *Id.* at 341. The court further noted that its approach was consistent with Missouri law permitting an appeal of an order granting a new trial. *See id.* at 340.

▇▇▇ We elect to follow the approach taken by the Fifth Circuit, Maine, and Minnesota courts rather than that of the Missouri court. In construing a statute, we give effect to all the words and treat none as surplusage if possible. *See City of Amarillo v. Martin*, 971 S.W.2d 426, 430 (Tex.1998). Except with regard to the party requesting it, an order denying confirmation of an arbitration award is the functional equivalent of an order vacating an award. *See Ray Wilson Co. v. Anaheim Mem'l Hosp. Ass'n*, 166 Cal.App.3d 1081, 213 Cal.Rptr. 62, 64 n. 1 (1985).[3] Therefore, where appeals are expressly

provided in a statute for orders (a) denying confirmation of an award and (b) vacating an award without directing a rehearing, it most logically follows that an appeal is not allowed for orders denying confirmation or vacating an award where rehearing is directed as to either. To hold otherwise would render the language "without directing a rehearing"[4] without effect and would elevate form over substance by allowing an appeal where rehearing is directed in denying a request for confirmation but not in granting a request to vacate an award. Lastly, to the extent an order directing rehearing of an arbitration is analogous to an order granting a motion for new trial, the rule in Texas that the latter is not final or appealable[5] dictates a result contrary to that reached in *Stewart* by reference to the opposite rule. Therefore, finding no statutory basis allowing an appeal of the trial court's order denying confirmation of, and vacating, the arbitration award and directing rehearing, we dismiss this appeal for lack of jurisdiction.

2. *See Maine Dep't of Transp. v. Maine State Employees Ass'n*, 581 A.2d 813, 815 (Me. 1990) (holding that by providing for appeals only from orders vacating arbitration awards that do not direct rehearing, statute implicitly bars appeals of orders that direct rehearing); *Kowler Assocs. v. Ross*, 544 N.W.2d 800, 801 (Minn.Ct.App.1996) (finding that if an order vacating an award and directing a rehearing were construed to be appealable as an order denying confirmation of the award, the provision expressly allowing an appeal of an order vacating without rehearing would be of no effect and an order vacating an award would always be appealable, even if a rehearing has been directed).

3. Similarly, an order refusing to vacate an award is the functional equivalent of an order confirming an award. *See Independent Sch. Dist. No. 88, New Ulm v. School Service Employees Union Local 284*, 490 N.W.2d 431, 433 n. 1 (Minn.Ct.App.1992).

4. *See* Tex. Civ. Prac. & Rem.Code Ann. § 171.098(a)(5).

5. *See, e.g., Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex.1993).