**CONNERTON, RAY & SIMON,
et al., Appellants,**

v.

**Ronald SIMON, Appellee.**

**No. 01–CV–1394.**

District of Columbia Court of Appeals.

Decided Feb. 14, 2002.

Eric L. Hirschhorn, Washington, was on the motion of appellee to dismiss appeal.

William W. Osborne, Jr., Washington, was on appellants' opposition to the motion to dismiss.

Before FARRELL and GLICKMAN, Associate Judges, and KING, Senior Judge.

PER CURIAM.

This case involves a dispute between appellee Ronald Simon and his former law firm, Connerton, Ray & Simon,[1] over compensation allegedly due Simon after he left the firm. As required by his partnership agreement, Simon sought resolution of the dispute by initiating an arbitration proceeding. After prolonged delays, the arbitrator issued a decision in favor of appellants. Simon filed a motion to vacate the arbitration award; appellants filed a cross-motion to confirm the award. Following a hearing, the trial court granted Simon's motion to vacate the award, denied appellants' motion to confirm, and ordered a rehearing to be held before a new arbitrator. From that order appellants noted this appeal. Simon moves to dismiss the appeal for lack of jurisdiction. We agree with Simon that we lack jurisdiction to hear this appeal and must dismiss it.

As a general rule, orders that facilitate resolution of disputes through arbitration are not appealable, but orders that frustrate such are appealable.[2] That principle is reflected in D.C.Code § 16–4317(a) (2001), pursuant to which certain arbitration-related orders are deemed final for purposes of appeal. Of relevance here, D.C.Code § 16–4317(a)(3) deems final those orders confirming or denying confirmation of an arbitration award, and D.C.Code § 16–4317(a)(5) deems final those orders "vacating an award without directing a rehearing."

The order appealed in this case denied appellants' motion to confirm the award, which suggests it might be appealable under D.C.Code § 16–4317(a)(3), but it also vacated the award and directed the parties to essentially begin arbitration anew. If we were to hold the order appealable simply because it in part denied confirmation of an award, D.C.Code § 16–4317(a)(5) would be rendered superfluous, since any vacatur of an arbitration award would then be appealable as a denial of

---

1. The other appellants are individual partners of the firm.

2. See *Umana v. Swidler & Berlin, Chartered,* 669 A.2d 717, 723 (D.C.1995); *Brandon v. Hines,* 439 A.2d 496, 507 (D.C.1981).

confirmation. But D.C.Code § 16–4317(a)(5) specifies that only orders vacating an arbitration award "without directing a rehearing" are final. "A basic principle [of statutory construction] is that each provision of the statute should be construed so as to give effect to all of the statute's provisions, not rendering any provision superfluous."[3] Additionally, D.C.Code § 16–4317(a)(5) specifically addresses the jurisdictional impact of ordering a new hearing, whereas § 16–4317(a)(3) is more general. When a statute contains potentially inconsistent provisions, the more specific provision "must govern or control, as a clearer and more definite expression of the legislative will."[4] These axioms of statutory construction dictate our conclusion that D.C.Code § 16–4317(a)(3) not be read as allowing this appeal.

■■ Moreover, the order appealed here is not the final, conclusive determination on the merits, as orders confirming or vacating an arbitration award often are. When it is apparent that an order confirming or denying confirmation of an arbitration award does not represent the conclusion of the proceeding on the merits, it lacks the quality of finality that underlies D.C.Code § 16–4317(a)(3) and is not appealable. *See Umana, supra* note 2 (holding that an order confirming an arbitration award as to fewer than all parties is not appealable). Other state courts that have addressed the issue under virtually identical statutes have reached the same conclusion, *viz.*, that orders vacating an award and directing a rehearing are not appealable.[5]

Finally, one other factor compels our decision. This court has long recognized its duty to construe statutes so as to preserve their validity.[6] If we construed D.C.Code § 16–4317(a) as permitting this appeal, the statute might be rendered invalid as an unlawful expansion of our jurisdiction, which is limited—with enumerated exceptions—to review of "final orders and judgments."[7] *See Umana, supra*, 669 A.2d at 721–24, note 2 (outlining the potential conflict between D.C.Code § 16–4317 and the Home Rule Act). Instead of creating that doubt, our holding is consistent with our previous determination that D.C.Code § 16–4317(a) is not intended "to affect the general policy against piecemeal review embodied in D.C.Code § 11–721."[8]

For the foregoing reasons, appellee's motion to dismiss is granted, and this appeal is hereby dismissed for lack of jurisdiction. The dismissal is without prejudice to appellants' right in any future appeal from a final judgment to renew their arguments for reinstatement and confirmation of the first arbitrator's award.

*So ordered.*

---

3. *Thomas v. District of Columbia Dep't of Employment Servs.*, 547 A.2d 1034, 1037 (D.C. 1988).

4. *District of Columbia v. Linda Pollin Mem'l Hous. Corp.*, 313 A.2d 579, 583 (1973) (quoting 82 C.J.S. *Statutes* § 347b (1953)).

5. *See Nebraska Dep't of Health and Human Servs. v. Struss*, 261 Neb. 435, 623 N.W.2d 308 (2001); *Prudential Sec., Inc. v. Vondergoltz*, 14 S.W.3d 329 (2000); *Kowler Assocs. v. Ross*, 544 N.W.2d 800 (Minn.Ct.App.1996); *Maine Dep't of Transp. v. Maine State Employees Ass'n*, 581 A.2d 813 (Me.1990); *Carner v. Freedman*, 175 So.2d 70 (Fla.Dist.Ct.App. 1965). *But see National Ave. Bldg. Co. v. Stewart*, 910 S.W.2d 334 (Mo.Ct.App.1995) (holding that such an order is appealable).

6. *Keels v. United States*, 785 A.2d 672, 684–85 (D.C.2001).

7. D.C.Code § 11–721(a)(1) (2001).

8. *Umana, supra*, 669 A.2d at 722, note 2.