CRACK TEAM USA, INC., Respondent,

v.

AMERICAN ARBITRATION ASSOCIATION, Defendant,

and

AMG Franchises, Inc., Appellant.

No. ED 83049.

Missouri Court of Appeals, Eastern District, Division Five.

Feb. 17, 2004.

Paul N. Rechenberg, Natalie A. Ruh, Chesterfield, MO, for Appellant.

Albert S. Watkins, St. Louis, MO, for Respondent.

GEORGE W. DRAPER III, Judge.

AMG Franchises, Inc. (hereinafter, "AMG") appeals from the trial court's

judgment vacating an arbitration award entered by the American Arbitration Association (hereinafter, "AAA") against Crack Team USA, Inc. (hereinafter, "Crack Team") for nonpayment of services to AMG in the amount of $604,581.17. AMG raises two points on appeal arguing the trial court erred in vacating the arbitration award. First, AMG claims the trial court erred in finding AAA improperly refused to postpone the hearing due to alleged procedural defects in the notice requirement. Second, AMG argues Crack Team did not suffer any substantial prejudice as a result of the notice of the hearing location arriving less than ten days prior to the hearing. We dismiss the appeal.

Since we find Crack Team's motion to dismiss dispositive, we need not address the facts of the underlying dispute between the parties. AMG and Crack Team agreed to arbitrate their dispute with AAA. After some procedural issues were addressed, AAA entered an award in favor of AMG for $604,581.17. Crack Team sought to vacate this award in circuit court. The circuit court granted Crack Team's motion to vacate based on lack of notice, held a new fact finder was required, and ordered "further arbitration in conformity with the order may proceed without delay." AMG appeals.

Crack Team filed a motion to dismiss this appeal that was taken with the case. Crack Team argues this Court lacks jurisdiction to entertain this appeal because it claims there is no statutory authorization for an appeal from a trial court's judgment vacating an arbitration award and directing a rehearing. AMG disagrees, arguing its appeal is proper pursuant to Section 435.440(6) RSMo. (2002) [1], or alternatively, Section 512.020.

■ Generally, Section 512.020 governs appeals and allows any party aggrieved by any trial court judgment in any civil cause to appeal, provided it is not limited clearly in special statutory proceedings. However, when the same subject matter is addressed in general terms in one statute and in specific terms in another, the more specific controls over the more general. *Greenbriar Hills Country Club v. Director of Revenue*, 935 S.W.2d 36, 38 (Mo. banc 1996). Section 435.440 specifically governs the appealability of arbitration awards; and therefore, we apply that statute to the instant case. Section 435.440.1 states an appeal may be taken from:

(1) An order denying an application to compel arbitration made under Section 435.355;

(2) An order granting an application to stay arbitration made under subsection 2 of Section 435.355;

(3) An order confirming or denying confirmation of an award;

(4) An order modifying or correcting an award;

(5) An order vacating an award without directing a rehearing; or

(6) A judgment or decree entered pursuant to the provisions of Sections 435.350 to 435.470.

■ When engaging in statutory construction, the primary purpose is to ascertain the intent of the legislature from the language used to give effect to the intent if possible. *Lewis v. Gibbons*, 80 S.W.3d 461, 465 (Mo. banc 2002). Words are to be given their plain and ordinary meaning wherever possible. *J.S. v. Beaird*, 28 S.W.3d 875, 876 (Mo. banc 2000). We should not interpret statutes in such a way which will render some of their phrases to be mere surplusage, but rather, we must presume that every word of a statute was

1. All statutory references are to RSMo (2002) unless otherwise noted.

included for a purpose and has meaning. *Committee on Legislative Research of Missouri General Assembly v. Mitchell,* 886 S.W.2d 662, 664 (Mo.App. W.D.1994).

Both parties direct us to *National Avenue Building Co. v. Stewart,* 910 S.W.2d 334 (Mo.App. S.D.1995). In *National Avenue Building,* the trial court denied confirmation of an arbitration award, vacated the award, and directed a rehearing. *Id.* at 338. Stewart appealed, and National Avenue Building sought to dismiss the appeal for lack of subject matter jurisdiction.

While recognizing there was no statutory authorization for an appeal from an order vacating an award and directing a rehearing, the court focused on the fact the trial court denied confirmation of the award in conjunction with vacating the award and ordering the rehearing. *Id.* at 341. The court held the trial court's ruling was appealable, reasoning that an appeal was permissible pursuant to Section 435.440.1(3), where the party is appealing from an order denying confirmation of an award. The court was careful to offer this caveat:

> We emphasize that our holding is confined to the particular facts of this case and is based on the appealability of an order denying confirmation of an award under Section 435.440.1(3). We do not imply the order would have been appealable absent the provision denying confirmation.

*Id.* See also, *Air Shield Remodelers Inc. v. Biggs,* 969 S.W.2d 315, 317 (Mo.App. E.D.1998)(denying motion to dismiss appeal for lack of jurisdiction when trial court denied motion to confirm the award, vacated award, and ordered rehearing).

Both parties also cite *Metropolitan Airports Comm'n v. Metropolitan Airports Police Federation,* 443 N.W.2d 519 (Minn. 1989) to support their arguments. In *Metropolitan Airports,* the district court vacated an arbitrator's award and remanded the matter for rehearing before another arbitrator. *Id.* at 522. The court of appeals first denied discretionary review and later dismissed the appeal on the basis the judgment was not appealable. *Id.*

The Minnesota Supreme Court addressed the jurisdictional issue first. The court construed Minn.Stat. Section 572.26 (1988)[2], which is identical to the Missouri statute at issue. The court held since the judgment appealed from vacated the award and directed a rehearing, it was not appealable pursuant to Minn.Stat. Section 572.26.1(5), which allows an appeal from an "order vacating an award without directing a rehearing." *Id.* at 523. Moreover, the court rejected the argument that the appeal was proper because it was a judgment entered pursuant to the Minnesota arbitration statutes. *Id.* Finally, the court declined to address appealability because of the general appeals statutes in Minnesota, stating:

> Because we accept jurisdiction on another basis, we need not decide whether the judgment was appealable under the appellate rules. We note, however, there is a substantial question as to the validity

**2.** Minn.Stat. Section 572.26.1 states: "An appeal may be taken from:
(1) An order denying an application to compel arbitration made under Section 572.09;
(2) An order granting an application to stay arbitration made under Section 572.09(b);
(3) An order confirming or denying confirmation of an award;
(4) An order modifying or correcting an award;
(5) An order vacating an award without directing a rehearing; or
(6) A judgment or decree entered pursuant to the provisions of this chapter."

and appealability of the judgment in this case, and we remind trial courts that judgments on arbitration matters should be entered only as provided by the arbitration act. *Id.* The court went on to discuss its power to review the case as prescribed by the Minnesota Constitution, noting that while "appellate review 'as of right' is purely statutory, this court has the independent power to review any case." The court chose to review the case to avoid any further delay and because the case warranted exercise of the court's discretionary review authority. *Id.*

■ These cases, however, are not directly on point in that in the instant case, the trial court did not deny a motion to confirm the award. Here, the trial court simply vacated the award and directed a rehearing. When there is no Missouri case addressing such an issue, we must be guided by Section 435.450 which provides Missouri's Arbitration Act "shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact it." *National Avenue Building,* 910 S.W.2d at 338.

This issue has been addressed in several other jurisdictions. In each instance, the appealing party sought relief from the trial court's ruling which vacated the arbitration award and directed a rehearing. The statutes at issue are virtually identical to Missouri's Arbitration Act; therefore, we find these cases persuasive. In those cases, the reviewing court dismissed the appeal because the court lacked jurisdiction to hear the appeal. *See Carner v. Freedman,* 175 So.2d 70 (Fla.Dist.Ct.App. 1965); *Maine Dept. of Transp. v. Maine State Employees Ass'n,* 581 A.2d 813 (Me. 1990); *Kowler v. Ross,* 544 N.W.2d 800 (Minn.Ct.App.1996); *Prudential Securities, Inc. v. Vondergoltz,* 14 S.W.3d 329 (Tex.Ct.App.2000); *Stolhandske v. Stern,* 14 S.W.3d 810 (Tex.Ct.App.2000); *Nebraska Dept. of Health & Human Services v. Struss,* 261 Neb. 435, 623 N.W.2d 308 (Ne. 2001); *Connerton, Ray & Simon v. Simon,* 791 A.2d 86 (D.C.2002).

Here, Section 435.440.1(5) provides for an appeal of an order vacating an award without directing a rehearing. By providing for an appeal only from an order vacating an award without directing a rehearing, Section 435.440.1(5) implicitly bars appeals from orders that direct a rehearing. *Maine Dept. of Transp.,* 581 A.2d at 815. Moreover, to hold otherwise would render the language "without directing a rehearing" without effect, mere surplusage. *Prudential Securities,* 14 S.W.3d at 331. Such a construction would be inconsistent with the rules of statutory interpretation.

AMG urges us to examine Section 435.405.4 which states, "If the application to vacate is denied and no motion to modify or correct the award is pending, the court shall confirm the award." AMG argues this language allows us to take the appeal because Section 435.440(6) allows appeals from any judgment or decree entered pursuant to the provisions of the arbitration act. Since Section 435.405 is encompassed by the language of Section 435.440(6), AMG claims the issue is appealable. This argument is unpersuasive in that a trial court's order which vacates an arbitration award and directs a rehearing is premature for appellate review because the arbitration process has not been completed, nor has it disposed of all parties and all issues. *See Nebraska Dept. of Health & Human Services,* 623 N.W.2d at 314.

The trial court found AAA disregarded its own notice requirements, and as a result, vacated the award. The trial court went on to hold the reversal of the award required the appointment of a new arbitra-

tor for additional arbitration proceedings. Finally, the trial court stated, "[f]urther arbitration in conformity with the order may proceed without delay." It is clear from the trial court's order the arbitration process was not complete in that further arbitration proceedings were anticipated.

Based on the foregoing, we hold this Court lacks jurisdiction to entertain AMG's appeal because the trial court has vacated the arbiter's award and directed a rehearing. AMG's appeal is dismissed.

SHERRI B. SULLIVAN, C.J., and BOOKER T. SHAW, J., concur.