KARCHER FIRESTOPPING, A DIVISION OF KARCHER INSULATION, INC., A CALIFORNIA CORPORATION, APPELLANT, v. MEADOW VALLEY CONTRACTORS, INC., A NEVADA CORPORATION; TECHNICOAT WATERPROOFING SPECIALISTS, A LIMITED PARTNERSHIP; ROBERT COFFMAN, INDIVIDUALLY; AND UNITED STATES GUARANTY COMPANY, RESPONDENTS.

No. 49291

April 16, 2009                                    204 P.3d 1262

*McDonald Carano Wilson, LLP*, and *Timothy E. Rowe*, Reno; *Lax & Stevens* and *Donna E. Kirkner*, Los Angeles, California, for Appellant.

*Kevin B. Christensen, Chtd.*, and *Evan L. James*, Las Vegas, for Respondents Meadow Valley Contractors and United States Guaranty Company.

*Lewis & Roca, LLP*, and *Dan R. Waite* and *Daniel F. Polsenberg*, Las Vegas, for Respondent Technicoat Waterproofing Specialists.

## OPINION

By the Court, PARRAGUIRRE, J.:

This appeal seeks our review of a district court order that granted a motion to vacate an arbitration award, referred the matter back to arbitration for further proceedings, and denied a motion to confirm the award. The Legislature has authorized appeals from certain arbitration-related orders as set forth in NRS 38.247(1). Under this statutory scheme, if the order challenged on appeal had only denied appellant's motion to confirm the arbitration award, it would be appealable under NRS 38.247(1)(c). Similarly, if the challenged order had vacated the award without directing a rehearing, the order would be appealable under NRS 38.247(1)(e). In this case, however, the district court order denied the motion to confirm the award, vacated the award, and directed a rehearing. Thus, we must determine whether such an order is appealable under NRS 38.247(1). We conclude that, under the plain language of NRS 38.247(1)(e), we lack jurisdiction to consider appeals challenging such orders. Accordingly, we dismiss this appeal.

### FACTS AND PROCEDURAL HISTORY

Appellant Karcher Firestopping was the prevailing party at arbitration. Thereafter, respondent Technicoat Waterproofing Specialists

filed a motion, joined by respondents Meadow Valley Contractors and United States Guaranty Company, to vacate and modify the arbitration award, and Karcher filed a countermotion to confirm the arbitrator's award. The district court denied Karcher's countermotion to confirm the award, granted Technicoat's motion to vacate the arbitration award, and referred the matter back to arbitration for supplemental proceedings. Karcher then appealed from the district court's order. This court's preliminary review of the case, however, raised concerns regarding the order's appealability under NRS 38.247(1). Accordingly, we directed Karcher to show cause as to whether the district court order was substantively appealable. Karcher has filed a response to the show cause order, and respondents have filed a reply.

## DISCUSSION

This court has jurisdiction to consider an appeal only when the appeal is authorized by statute or court rule. *Taylor Constr. Co. v. Hilton Hotels*, 100 Nev. 207, 678 P.2d 1152 (1984). In Nevada, appeals from arbitration orders are governed by statute, specifically NRS 38.247(1); therefore, determining whether this court has jurisdiction to consider this appeal involves interpretation of that statute. Questions of statutory construction are reviewed de novo. *Leven v. Frey*, 123 Nev. 399, 402, 168 P.3d 712, 714 (2007). The goal of statutory interpretation is to effectuate the Legislature's intent. *Savage v. Dist. Ct.*, 125 Nev. 9, 16, 200 P.3d 77, 82 (2009). If a statute's language is clear and unambiguous, this court will apply its plain language. *Leven*, 123 Nev. at 403, 168 P.3d at 715. Plain meaning may be ascertained by examining the context and language of the statute as a whole. *Redl v. Secretary of State*, 120 Nev. 75, 78, 85 P.3d 797, 799 (2004); *see also McKay v. Bd. of Supervisors*, 102 Nev. 644, 650-51, 730 P.2d 438, 443 (1986). This court generally avoids statutory interpretation that renders language meaningless or superfluous. *Southern Nev. Homebuilders v. Clark County*, 121 Nev. 446, 449, 117 P.3d 171, 173 (2005); *see also Harris Assocs. v. Clark County Sch. Dist.*, 119 Nev. 638, 642, 81 P.3d 532, 534 (2003). Additionally, as Nevada has adopted the Uniform Arbitration Act (UAA),[2] in construing the UAA, "consideration must be given to the need to promote uniformity of the law with respect to its subject matter among states that enact it." NRS 38.248.

NRS 38.247(1)(c) provides that an appeal may be taken from "[a]n order confirming or denying confirmation of an [arbitration]

---

[2]In 2001, Nevada adopted the Uniform Arbitration Act of 2000. *See* NRS 38.206.

award." NRS 38.247(1)(e) provides that an appeal may be taken from "[a]n order vacating an [arbitration] award without directing a rehearing."[3] While this court has never addressed whether an order that both denies confirmation of an arbitration award and vacates the award, while directing a rehearing, is substantively appealable under NRS 38.247(1), a number of other courts have addressed this issue under similar provisions of the UAA.[4] Because consideration must be given to the need to promote uniformity of the law when construing the UAA, NRS 38.248, we look to these decisions for guidance regarding the appealability of such orders. First, we examine decisions from courts holding that such orders are not appealable, and then we address decisions from those courts that have concluded that such orders can be appealed.

*Decisions concluding that no jurisdiction exists*

The majority of courts that have considered this jurisdictional issue regarding orders that deny confirmation of an arbitration award and also vacate the award while directing rehearing have determined that such orders are not appealable. *See Connerton, Ray & Simon v. Simon*, 791 A.2d 86 (D.C. 2002); *Kowler Associates v. Ross*, 544 N.W.2d 800 (Minn. Ct. App. 1996); *Thrivent Financial for Lutherans v. Brock*, 251 S.W.3d 621 (Tex. App. 2007); *Prudential Securities, Inc. v. Vondergoltz*, 14 S.W.3d 329 (Tex. App. 2000). The primary approach taken by courts concluding that such orders are not appealable is to focus on the plain language of their statute providing that orders vacating an arbitration award without directing a rehearing are appealable. *See, e.g., Simon*, 791 A.2d at 87-88 (interpreting a statute that provides for appeals from orders "confirming or denying confirmation of an arbitration award" and orders "vacating an award without directing a rehearing"); *Ross*, 544 N.W.2d at 801-02 (same); *Vondergoltz*, 14 S.W.3d at 330-31 (same). Because these statutes provide for appeals only from orders vacating arbitration awards that do not also direct a rehearing, these courts concluded that the plain language of the statutes provide that orders vacating an award and directing a rehearing cannot be appealed. *See Simon*, 791 A.2d at 87-88; *Ross*, 544 N.W.2d at 801; *Vondergoltz*, 14 S.W.3d at 331.

---

[3]NRS 38.247(1) also provides for appeals from arbitration-related orders denying motions to compel arbitration, granting motions to stay arbitration, modifying or correcting an arbitration award, and arbitration-related orders that constitute a final judgment.

[4]*See Connerton, Ray & Simon v. Simon*, 791 A.2d 86 (D.C. 2002); *Kowler Associates v. Ross*, 544 N.W.2d 800 (Minn. Ct. App. 1996); *National Ave. Bldg. Co. v. Stewart*, 910 S.W.2d 334 (Mo. Ct. App. 1995); *Thrivent Financial for Lutherans v. Brock*, 251 S.W.3d 621 (Tex. App. 2007); *Werline v. East Texas Salt Water Disp. Co.*, 209 S.W.3d 888 (Tex. App. 2006); *Prudential Securities, Inc. v. Vondergoltz*, 14 S.W.3d 329 (Tex. App. 2000).

Relying on this conclusion, these courts have held that the addition of a ruling denying a motion to confirm the award to an order vacating the award and directing a rehearing does not render that order appealable even though the denial of a motion to confirm an arbitration award is independently appealable under their applicable statutes. *Simon*, 791 A.2d at 88; *Ross*, 544 N.W.2d at 801-02; *Vondergoltz*, 14 S.W.3d at 331. The rationale behind this conclusion is that allowing such orders to be appealed simply because a portion of the order denies confirmation of an arbitration award renders the "without directing a rehearing" language of these states' versions of NRS 38.247(1)(e) superfluous. *See Simon*, 791 A.2d at 87-88; *Ross*, 544 N.W.2d at 801; *Vondergoltz*, 14 S.W.3d at 331. Thus, in order to give full effect to each of the statutory provisions governing appeals from arbitration-related orders, these courts concluded that orders vacating an arbitration award while directing rehearing, and that also deny confirmation of the award, may not be appealed.

Several courts have further concluded that the uniform language set forth in their version of NRS 38.247(1), when read as a whole, implicitly contains a policy choice of permitting appellate review only when there is a sufficient degree of finality to the arbitration proceedings. *See Simon*, 791 A.2d at 88; *Ross*, 544 N.W.2d at 802; *Thrivent Financial for Lutherans v. Brock*, 251 S.W.3d 621, 622, 627 (Tex. App. 2007) (interpreting a statute that provides for appeals from orders "confirming or denying confirmation of an award" and orders "vacating an award without directing a rehearing"); *see also Dept. of Transp. v. State Employ. Ass'n*, 581 A.2d 813, 814-15 (Me. 1990) (same, and determining that the court lacked jurisdiction to consider an order that vacated an arbitration award and directed rehearing but discussing in dicta an approach to an order similar to the one at issue here); *Nebraska Dept. of Health v. Struss*, 623 N.W.2d 308, 313-14 (Neb. 2001) (interpreting a statute that provides for appeals from orders "confirming or denying confirmation of an award" and orders "vacating an award without directing a rehearing," and concluding that the court lacked jurisdiction over an appeal that challenged an order vacating an award and directing rehearing). Indeed, the Nebraska Supreme Court commented in *Struss* that the purpose of Nebraska's version of NRS 38.247(1) is to distinguish between orders that conclude the arbitration process, and are thus suitable for appellate review, and those that do not conclude the arbitration process, rendering appellate review premature. 623 N.W.2d at 314-15.

## Decisions concluding that jurisdiction exists

Only two courts have interpreted language similar to that of NRS 38.247(1) as permitting appellate jurisdiction over orders that both deny confirmation of an arbitration award and vacate the award

while directing rehearing. *National Ave. Bldg. Co. v. Stewart*, 910 S.W.2d 334, 337-41 (Mo. Ct. App. 1995) (interpreting a statute that provides for appeals from orders "confirming or denying confirmation of an award" and orders "vacating an award without directing a rehearing"); *Werline v. East Texas Salt Water Disp. Co.*, 209 S.W.3d 888, 893-96 (Tex. App. 2006) (same). In reaching this result, these courts emphasize the fact that their version of NRS 38.247(1)(c) expressly permits appeals from orders denying confirmation of an arbitration award. *Stewart*, 910 S.W.2d at 340-41; *Werline*, 209 S.W.3d at 895-96. Additionally, the *Stewart* court also noted that no subsection of the applicable statutes explicitly acts to bar the appealability of an order made appealable under another subsection when that order also contains a ruling that would not otherwise be independently appealable. 910 S.W.2d at 341. In *Stewart*, the court further noted that if their state's legislature had intended an order, such as the one at issue here, not to be appealable, it would have added the qualifier "without directing a rehearing" to their statute providing for appeals from orders denying confirmation of an award. *Id.* at 341. Emphasis is also placed on the conclusion that interpreting the language of their versions of NRS 38.247(1) as not allowing appeals from orders that deny confirmation and vacate the award while directing rehearing could allow the arbitration process to continue indefinitely. *Stewart*, 910 S.W.2d at 340; *Werline*, 209 S.W.3d at 896. Further, the *Werline* court asserted that not reading Texas's version of NRS 38.247(1)(c) as allowing an appeal from an order that both denies confirmation and vacates the award while directing rehearing renders the second half of subsection (c), which authorizes appeals from orders denying confirmation, almost meaningless. 209 S.W.3d at 895. The *Werline* court based this conclusion on its belief that if such orders could not be appealed, appellate jurisdiction would only exist "in the rare situation when the trial court denies a motion to confirm, but fails to vacate the award."[5] *Id.*

*This court lacks jurisdiction to consider this appeal*

Having reviewed these alternative interpretations of analogous versions of NRS 38.247(1), we find the decisions concluding that appellate courts lack jurisdiction to review orders denying confirmation of an arbitration award and vacating the award while directing a rehearing better reasoned and more persuasive. In particular, we agree with the various courts that have concluded that the plain language of their version of NRS 38.247(1)(e), which provides for an appeal from orders vacating an arbitration award without direct-

---

[5]It appears that the *Werline* court believed that an order vacating the arbitration award would necessarily also involve referring the matter back to arbitration. 209 S.W.3d at 895.

ing a rehearing, bars appellate review of orders vacating an award while directing a rehearing, even if the order also denies confirmation of the award, which, on its own, would be appealable under a statute analogous to NRS 38.247(1)(c). *See, e.g., Connerton, Ray & Simon v. Simon*, 791 A.2d 86, 87-88 (D.C. 2002); *Kowler Associates v. Ross*, 544 N.W.2d 800, 801-02 (Minn. Ct. App. 1996); *Prudential Securities, Inc. v. Vondergoltz*, 14 S.W.3d 329, 331 (Tex. App. 2000). As noted in these decisions, because in this matter the district court directed a rehearing, permitting appellate review at this point would render NRS 38.247(1)(e)'s "without directing a rehearing" language superfluous.

Further, we agree with the conclusion reached by several courts that the statutory structure providing for appeals from arbitration-related orders, when read as a whole, is designed to permit appeals only from orders that bring an element of finality to the arbitration process. *See Simon*, 791 A.2d at 88; *Dept. of Transp. v. State Employ. Ass'n*, 581 A.2d 813, 814-15 (Me. 1990); *Nebraska Dept. of Health v. Struss*, 623 N.W.2d 308, 314 (Neb. 2001); *Thrivent Financial for Lutherans v. Brock*, 251 S.W.3d 621, 627 (Tex. App. 2007). Here, the district court's order vacating the arbitration award and remanding for supplemental proceedings extended, rather than concluded, the arbitration process, and has not been identified by NRS 38.247(1) as sufficiently final to be suitable for appellate review. Accordingly, finding no statutory basis for an appeal from the district court order, we conclude that this court lacks jurisdiction over this appeal.

## CONCLUSION

After reviewing the plain text of NRS 38.247(1)(e), as well as the implicit policy contained in NRS 38.247(1) favoring finality of the arbitration proceedings prior to appellate review, we conclude that this court lacks jurisdiction to review a district court order that vacates an arbitration award, directs rehearing, and denies a motion to confirm the award. Accordingly, we dismiss this appeal.

HARDESTY, C.J., DOUGLAS, GIBBONS, and PICKERING, JJ., concur.