An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

KJH & RDA INVESTOR GROUP, LLC; 37TH FLOOR INVESTOR GROUP, LLC; MICHAEL ANDERSON AND MATTHEW ANDERSON; PIERRE BAIN; IBRAHIM BARLAJ AND LAURA BARLAJ; DAN BIRDSALL; TERENCIA CONEJERO; DIANE B. FAULCONER; FCF, LLC; STEPHEN J. GUYON; OGANES JOHN HAKOPYAN; MARKAR KARATAS AND NURHAN CELIK; FRANK KEANE AND CAROL KEANE; DENNIS LEUNG AND JIYEN SHIN; LETICIA L. MAGRI; ANAHIT MANDOYAN AND ALEXANDER MANDOYAN; SUSAN MIGNOT AND MARK MIGNOT; MARY MOMDZHYAN; BB VENTURES, LLC; ED NARVAEZ; DANE R. PHILLIPS; CRAIG A. PRIMAS; JAMES RICK AND LAURINDA RICK; DOUGLAS SCHOEN; PGR ENTERPRISES, LLC; DIMITRITSA H. TOROMANOVA; 38TH FLOOR INVESTOR GROUP, LLC; DAVID L. VADIS; ROSS BERKELEY; WOLF TRADING COMPANY, LLC; MICHAEL WILSON, STANLEY WILSON AND CAMILLA WILSON; DASHRATH PANCHAL, DINA D. PANCHAL AND NARMIN HIRJI; QUEZADAS-HORTA FAMILY TRUST, ROBERTO QUEZADAS-HORTA, TRUSTEE; JOSEPH H. SMITH AND CAROL J. SMITH; MARIA ORELLANA; MAGHAMI FERIAL TRUST, FERIAL MAGHAMI, TRUSTEE; LEONARDO BARRERA AND GLORIA BARRERA; MOJISOLA ADEKUNBI AND ABIOLA SANNI; SIGNATURE MGM GRAND,

No. 65933

FILED

OCT 29 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

SUPREME COURT
OF
NEVADA

(O) 1947A

14-36019

LLC; DOUGLAS HUIBREGTSE; JAMES HOKANSON; ANTE LONCAR, LJUBICA LONCAR AND ELIZABETH G. VIDUCICH; RAUL RIOS AND FERMINA RIOS; VLADIMIR RIVKIN; DANNY MAES AND STEPHANIE CLEVELAND; MARK N. KECHEJIAN AND CHRISTINE KECHEJIAN; MICHAEL HAHALYAK AND LISA KRISAY-HAHALYAK; BENJAMIN RUDNITSKY AND TAMAR A. RUDNITSKY; CLAY FRAZIER AND PAULA FRAZIER; MIRIAM KIM AND MARIE KIM; PASQUALE FEBBRARO AND CATHLEEN M. FEBBRARO; HYO SHIN AND JUNG SHIN; EUN YOUNG LEE; JOHN O. TOROSIAN AND SARKIS TOROSIAN; LUNIQUE LE; RAFFI PIRICHIAN AND ANI PIRICHIAN; JIM C. BURGUM; NANCY MARTINA; HERMAN CELIKIAN; RICHARD FELDMAN; LES KRIEGER AND REBEKAH KRIEGER; CHRISTINA KIM; JUAN MEDINA AND CLARISSA MEDINA; THOMAS CIFELLI AND JOHN CIFELLI; MANSOUR SHAMS AND ZAHRIA SHAMS; LEE FAMILY TRUST, CHRIS LEE AND SUZIE LEE, AS CO-TRUSTEES; BRADLEY COSTELLO 1997 TRUST, BRADLEY COSTELLO AS TRUSTEE; BERNARD KLOUDA; RUZAN CHARKCHYAN AND ARUTYUN CHARKCHYAN; MARCO GONZALEZ; MARK BUCHSTABER AND DEBORAH BUCHSTABER; LINH TANG AND HUNG TANG; JERRY BROWN; WILLIAM PEDERSON AND TATYANA PEDERSON; CHARLES GERACI AND DELVIN DIAZ; MYUNG JA CHO; SHERENNE TANG AND

SUPREME COURT
OF
NEVADA

(O) 1947A

2

JULIETA BALAHADIA; CHENG LIM;
DAVID SHIM; HOJOON LEE;
MICHAEL LINARES AND LAURIE
LINARES; GREG YI AND GRACE YI;
SOLIP, LLC; UJJAL GHOSHTAGORE;
WERDMULLER FAMILY TRUST,
WALTER E. WERDMULLER VON
ELGG AND JILL C. WERDMULLER
VON ELGG, TRUSTEES; SASAN
SEIDFATHI AND MEHRNAZ
SAGHAFI; LAWRENCE M.
DUMOULIN; SEHAK TUNA AND
VARTUHI TUNA; LAWRENCE
HOBSON AND LINDA M. HOBSON;
LEE PRITZL; BELINDA W. LOUIE;
AMIN A. RAHIM AND ZAITUN A.
RAHIM; PRISCILLA SALEM; IKE
SHERMAN AND GILLIANA
SHERMAN; REMI OHTA; DUNCAN &
GARDELLA ENTERPRISES, LLC;
ALEXANDER GONSECKI AND
VALENTINA GONSECKI; SHI SI
ZHENG; RAFIK BAKIJAN; LV 700,
LLC; AND LOUIS CARNESALE AND
JOHN CARNESALE,
Appellants,
vs.
TURNBERRY/MGM GRAND TOWERS,
LLC, A NEVADA LLC; MGM GRAND
CONDOMINIUMS LLC, A NEVADA
LLC; THE SIGNATURE
CONDOMINIUMS, LLC, A NEVADA
LLC; MGM MIRAGE, A DELAWARE
CORPORATION; MGM RESORTS
INTERNATIONAL, A DELAWARE
CORPORATION;
TURNBERRY/HARMON AVE., LLC, A
NEVADA LLC; MGM GRAND HOTEL,
LLC, A NEVADA LLC; SIGNATURE
TOWER 1, LLC, A NEVADA LLC;
SIGNATURE TOWER 2, LLC, A/K/A

TURNBERRY/MGM GRAND TOWER B
LLC, A NEVADA LLC; SIGNATURE
TOWER 3, LLC, A NEVADA LLC; AND
TURNBERRY WEST REALTY, INC., A
NEVADA CORPORATION,
Respondents.

KJH & RDA INVESTOR GROUP, LLC;
37TH FLOOR INVESTOR GROUP, LLC;
MICHAEL ANDERSON AND MATHEW
ANDERSON; PIERRE BAIN; IBRAHIM
BARLAJ AND LAURA BARLAJ; DAN
BIRDSALL; TERENCIA CONEJERO;
DIANE B. FAULCONER; FCF, LLC;
STEPHEN J. GUYON; OGANES JOHN
HAKOPYAN; MARKAR KARATAS AND
NURHAN CELIK; FRANK KEANE AND
CAROL KEANE; DENNIS LEUNG AND
JIYEN SHIN; LETICIA L. MAGRI;
ANAHIT MANDOYAN AND
ALEXANDER MANDOYAN; SUSAN
MIGNOT AND MARK MIGNOT; MARY
MOMDZHYAN; BB VENTURES, LLC;
ED NARVAEZ; DANE R. PHILLIPS;
CRAIG A. PRIMAS; JAMES RICK AND
LAURINDA RICK; DOUGLAS
SCHOEN; PGR ENTERPRISES, LLC;
DIMITRITSA H. TOROMANOVA; 38TH
FLOOR INVESTOR GROUP, LLC;
DAVID L. VADIS; ROSS BERKELEY;
WOLF TRADING COMPANY, LLC;
MICHAEL WILSON; STANLEY
WILSON AND CAMILLA WILSON;
DASHRATH PANCHAL; DINA D.
PANCHAL AND NARMIN HIRJI;
QUEZADAS-HORTA FAMILY TRUST,
ROBERTO QUEZADAS-HORTA,
TRUSTEE; JOSEPH H. SMITH AND
CAROL J. SMITH; MARIA ORELLANA;
MAGHAMI FERIAL TRUST; FERIAL
MAGHAMI, TRUSTEE; LEONARDO
BARRERA AND GLORIA BARRERA;

No. 66181

SUPREME COURT
OF
NEVADA

(O) 1947A

4

MOJISOLA ADEKUNBI AND ABIOLA SANNI; SIGNATURE MGM GRAND, LLC; DOUGLAS HUIBREGTSE; JAMES HOKANSON; ANTE LONCAR; LJUBICA LONCAR AND ELIZABETH G. VIDUCICH; RAUL RIOS AND FERMINA RIOS; VLADIMIR RIVKIN; DANNY MAES AND STEPHANIE CLEVELAND; MARK N. KECHEJIAN AND CHRISTINE KECHEJIAN; MICHAEL HAHALYAK AND LISA KRISAY-HAHALYAK; BENJAMIN RUDNITSKY AND TAMAR A. RUDNITSKY; CLAY FRAZIER AND PAULA FRAZIER; MIRIAM KIM AND MARIE KIM; PASQUALE FEBBRARO AND CATHLEEN M. FEBBRARO; HYO SHIN AND JUNG SHIN; EUN YOUNG LEE; JOHN O. TOROSIAN AND SARKIS TOROSIAN; LUNIQUE LE; RAFFI PIRICHIAN AND ANI PIRICHIAN; JIM C. BURGUM; NANCY MARTINA; HERMAN CELIKIAN; RICHARD FELDMAN; LES KRIEGER AND REBEKAH KRIEGER; CHRISTINA KIM; JUAN MEDINA AND CLARISSA MEDINA; THOMAS CIFELLI AND JOHN CIFELLI; MANSOUR SHAMS AND ZAHRIA SHAMS; LEE FAMILY TRUST; CHRIS LEE AND SUZIE LEE AS CO-TRUSTEES; BRADLEY COSTELLO 1997 TRUST; BRADLEY COSTELLO AS TRUSTEE; BERNARD KLOUDA; RUZAN CHARKCHYAN AND ARUTYUN CHARKCHYAN; MARCO GONZALEZ; MARK BUCHSTABER AND DEBORAH BUCHSTABER; LINH TANG AND HUNG TANG; JERRY BROWN; WILLIAM PEDERSON AND TATYANA PEDERSON; CHARLES

SUPREME COURT
OF
NEVADA

(O) 1947A

GERACI AND DELVIN DIAZ; MYUNG JA CHO; SHERENNE TANG AND JULIETA BALAHADIA; CHENG LIM; DAVID SHIM; HOJOON LEE; MICHAEL LINARES; LAURIE LINARES; GREG YI AND GRACE YI; SOLIP, LLC; UJJAL GHOSHTAGORE; WERDMULLER FAMILY TRUST; WALTER E. WERDMULLER VON ELGG AND JILL C. WERDMULLER VON ELGG, TRUSTEES; SASAN SEIDFATHI AND MEHRNAZ SAGHAFI; LAWRENCE M. DUMOULIN; SEHAK TUNA AND VARTUHI TUNA; LAWRENCE HOBSON AND LINDA M. HOBSON; LEE PRITZL; BELINDA W. LOUIE; AMIN A. RAHIM AND ZAITUN A. RAHIM; PRISCILLA SALEM; IKE SHERMAN AND GILLIANA SHERMAN; REMI OHTA; DUNCAN & GARDELLA ENTERPRISES, LLC; ALEXANDER GONSECKI AND VALENTINA GONSECKI; SHI SI ZHENG; RAFIK BAKIJAN; LV 700, LLC; AND LOUIS CARNESALE AND JOHN CARNESALE,
Appellants,
vs.
TURNBERRY/MGM GRAND TOWERS, LLC, A NEVADA LLC; MGM GRAND CONDOMINIUMS LLC, A NEVADA LLC; THE SIGNATURE CONDOMINIUMS, LLC, A NEVADA LLC; MGM MIRAGE, A DELAWARE CORPORATION; MGM RESORTS INTERNATIONAL, A DELAWARE CORPORATION; TURNBERRY/HARMON AVE., LLC, A NEVADA LLC; MGM GRAND HOTEL, LLC, A NEVADA LLC; SIGNATURE

TOWER 1, LLC, A NEVADA LLC;
SIGNATURE TOWER 2 LLC, A/K/A
TURNBERRY/MGM GRAND TOWER B
LLC, A NEVADA LLC; SIGNATURE
TOWER 3, LLC, A NEVADA LLC; AND
TURNBERRY WEST REALTY, INC., A
NEVADA CORPORATION,
Respondents.

## ORDER DISMISSING APPEAL (DOCKET NO. 65933)

These are appeals from a June 22, 2014, district court decision indicating the court's intended disposition of two motions to determine the nonarbitrability of claims (Docket No. 65933) and from a July 23, 2014, district court order granting the motions to determine the nonarbitrability of claims (Docket No. 66181).

Certain respondents have moved, in Docket No. 65933, to dismiss the appeal, asserting that the district court's June 22 decision and July 23 order are interlocutory and not independently appealable as orders denying motions to compel arbitration under NRS 38.247(1)(a).[1] Respondents, who did not sign any arbitration agreements with appellants, acknowledge that the district court determined that appellants cannot pursue claims against them in arbitration, but they assert that because no party filed a motion to compel arbitration, the orders cannot be appealed. Appellants oppose the motion to dismiss, arguing that there is no practical difference between a motion to determine nonarbitrability and a motion to compel arbitration, and that the order therefore effectively refuses to compel arbitration. Appellants assert that allowing the appeals

---

[1]Other respondents have filed a joinder to the motion to dismiss, to which appellants have filed an objection and response.

to proceed would further the public policy behind NRS 38.247(1)(a) favoring arbitration. Respondents reply that, even if the decision and order could be deemed as denying motions to compel, appellants did not request arbitration based on an underlying agreement to arbitrate, and thus, NRS 38.247(1)(a) does not apply. *See* NRS 38.221(1) (stating that a "person showing an agreement to arbitrate" may move to compel arbitration); *Vulcan Power Co. v. Munson*, 252 P.3d 511, 513 (Colo. App. 2011) ("[A]n interlocutory appeal under section 13–22–228(1)(a) may only be taken from the denial of a motion that seeks to compel arbitration based on 'an agreement to arbitrate.'").

Respondents' motion to determine nonarbitrability was filed after appellants attempted to add the claims against respondents to the arbitration proceedings that were already pending against another defendant, a signatory to the arbitration agreements. In opposing respondents' motion, appellants argued that, based on their relationships with the signatory defendant, respondents should also have to defend both the nonarbitrability issue and the claims in arbitration. Although appellants did not style their opposition as a countermotion to compel arbitration, given the procedural posture of the case, opposing the motion accomplished the same goal. Moreover, appellants did not argue that arbitration was required based solely on matters outside of the arbitration agreements; they argued that the nonsignatory defendants were required to arbitrate under the agreements. Accordingly, we conclude that the district court's order resolving this dispute is appealable as an order denying a motion to compel arbitration under NRS 38.247(1)(a), and we deny the motion to dismiss.

Nevertheless, the decision appealed from in Docket No. 65933 merely indicated the court's intended disposition; it expressly stated that further order of the court was anticipated to make the decision effective. Accordingly, the decision did not finally resolve the arbitrability issue and thus is not appealable. *Karcher Firestopping v. Meadow Valley Contr., Inc.*, 125 Nev. 111, 117, 204 P.3d 1262, 1266 (2009) ("[NRS 38.247(1) is] designed to permit appeals only from orders that bring an element of finality to the arbitration process."). Appellants timely appealed from the court's formal written order on the matter in Docket No. 66181. Therefore, we dismiss the appeal in Docket No. 65933.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Mark R. Denton, District Judge
Wiand Guerra King P.L.
Law Office of Daniel Marks
Blumenthal, Nordrehaug & Bhowmik
Gerard & Associates
Morris Law Group
Snell & Wilmer, LLP/Las Vegas
Lewis Roca Rothgerber LLP/Las Vegas
Sidley Austin LLP
Eighth District Court Clerk

