THE CITY OF RENO, A MUNICIPAL CORPORATION, APPELLANT, *v.* SAM SAIBINI, RESPONDENT.

No. 5269

June 28, 1967 429 P.2d 559

*Richard Breitwieser,* City Attorney, *Samuel T. Bull, G. W. Belcher,* Assistant City Attorneys, and *Samuel B. Francovich,* of Reno, for Appellant.

*James R. Brooke,* of Reno, for Respondent.

## OPINION

By the Court, COLLINS, J.:

This appeal involves the validity of Section 4–23[1] of Reno

---

[1]"Section 4–23. *Retirement.* All regular employees of the City of Reno (except Fire and Police Department employees as hereinafter provided) shall retire from City service at the end of the current month in

City Ordinance No. 1568. A subordinate question presented is whether, in this type of action, the attorney general must be made a party. We believe that the trial court was correct in deciding for the respondent and affirm.

Respondent Sam Saibini has been a fireman for the City of Reno for approximately 30 years. On July 1, 1966 he was 56 years, 11 months of age and had attained the rank of battalion chief. He requested that he be allowed to extend his employment until June 30, 1967, and presented evidence of his physical fitness and satisfactory work performance. He was notified by the city manager that the fire chief did not recommend his continued employment and that there were no exceptional circumstances in the interest of the city warranting his retention in the fire department. He was ordered to be retired as of July 1st, 1966.

Saibini commenced this action in the district court seeking a declaratory judgment that Section 4–23 of the Reno City Ordinance No. 1568 was in direct conflict with NRS 286.510

which the employee attains the age of sixty-five (65) years. In exceptional circumstances the City Manager may, in the interest of the City, extend the retirement age at one-year intervals; PROVIDED, HOW-EVER, that the granting of the extension shall in no case extend the employee's employment beyond the end of the month in which the employee attains age seventy (70). Employees of the Fire Department actively engaged in fire fighting work shall retire at the end of the month upon attaining the age of fifty-five (55) years. In exceptional circumstances, the City Manager may, in the interest of the City, extend this retirement age at one-year intervals; PROVIDED, HOWEVER, that the granting of the extension shall in no case extend fire fighter's employment beyond the end of the month in which such employee attains age sixty-three (63). Employees of the Police Department actively engaged in police activities shall retire at the end of the month upon attaining the age of fifty-five (55) years. In exceptional circumstances, the City Manager may, in the interest of the City, extend this retirement age at one-year intervals; PROVIDED, HOWEVER, that the granting of the extension shall in no case extend Police Department employee's employment beyond the end of the month in which such employee attains age sixty-five (65) years. Such extensions may be granted only after written application therefor shall have been submitted to the City Manager stating the reason for the requested extension and accompanied by a written report from the department head and a written report of physical examination of the applicant by a physician licensed in Nevada. No person in the employ of the City on July 1, 1963, shall be required to retire under the provisions of this section who has less than ten (10) years pensionable service in the Nevada State Retirement System."

318

$(1)^2$ and $286.550(3)^3$ and therefore in violation of the Nevada Constitution, Art. 1, § 8.[4] The district judge granted summary judgment in his favor ruling that Section 4–23 of the quoted ordinance established no definite standards for retention of firemen over 55 years of age and was thus capricious and arbitrary and required retirement of public employees for reasons not dependent upon their fitness and qualification to perform their duties.

There is but one general system of retirement for public employees in Nevada and that is found in Chapter 286 NRS. It covers all public officers and employees of the State of Nevada or its political subdivisions. NRS 286.040. Compulsory retirement for state employees is provided for in NRS 284.378, and directs they "shall" be retired at 65; may be rehired on a year-to-year basis from 65 to 69 and are not eligible for state employment after reaching 70. Retirement for employees of political subdivisions, police officers and firemen is provided for in NRS 286.510. The part of that statute of concern in this case is subparagraph 1, quoted above in footnote 2. There is nothing in the Reno City Charter specifically dealing with retirement. There are two provisions of that charter dealing with suspension, demotion and discharge of employees,[5] but retirement and discharge of public employees

[2]"Circumstances authorizing retirement: Age and service of police officers, firemen and other employees.

"1. After July 1, 1949, a police officer or a fireman who is a member of the system, who has attained the age of 55 years, and who has completed a minimum of 10 years of credited service, may be retired from service; and thereafter, except as otherwise provided in this chapter, the date of his retirement shall be the 1st day of the calendar month in which application for retirement shall be filed with the board or the last day of compensation, whichever is later."

[3]"3. In order to be eligible for allowances under this section, unless otherwise specifically provided in this chapter:

"(a) A police officer or a fireman must have attained the minimum service retirement age of 55 years, and every other employee must have attained the minimum service retirement age of 60 years; or

"(b) A policeman or fireman must have attained the age of 50 years, in which case the allowance payable at normal retirement age based on the number of years of service completed at actual retirement."

[4]"* * * No person shall be * * * deprived of life, liberty, or property, without due process of law; * * *."

[5]"Reno Charter, Art. XX, § 9—No employee of the city within the provisions of this article shall be suspended, demoted, or discharged except as provided in this article.

"Reno Charter, Art. XX, § 11—The city manager may suspend for a period not exceeding 30 days or discharge or demote any employee of the city within the provisions of this article for the betterment of the service or for other justifiable cause, * * *."

have been clearly distinguished from each other. Tims v. Bingham, 166 N.Y.S. 28 (1906); also see Bole v. Civil City of Ligonier, 161 N.E.2d 189 (Ind. 1959).

While the legislature may choose to preempt the entire field of regulation of public employment, both as to tenure and retirement, State v. City of Toledo, 50 N.E.2d 338 (Ohio 1943), it may also delegate part of that power to political subdivisions of the state through the general law, such as the Public Employees Retirement Act (Chap. 286 NRS) or through a charter granted to an incorporated city. Ward v. Camden, 208 A.2d 419 (App.Div., N.J.Sup.Ct. 1965).

As stated by Rhyne, Municipal Law § 4–7:

"A municipal corporation being ordinarily a creature of the legislature, the powers which it possesses and exercises are only those which its charter, the general laws, or the constitution bestow upon it. But this does not mean that the municipality possesses only such powers as are expressly granted in its charter or the statutes. There are other powers necessarily or fairly implied in or incident to the powers expressly granted, and also certain powers essential to the declared object and purpose of the corporation, not simply convenient, but indispensable, which may be exercised by the municipality."

The Reno City Council, under implied authority granted it by the legislature in NRS 286.510, adopted Ordinance 1568 and particularly Section 4–23 (see footnote 1 above) dealing with retirement of city employees and particularly firemen. Ronnow v. City of Las Vegas, 57 Nev. 332, 65 P.2d 133 (1937). The statute, under which the ordinance was adopted was permissive rather than mandatory, and granted the right to political subdivisions to either require or permit police officers and firemen to retire at age 55 if they had completed a minimum of 10 years of credited service. Reno chose, through its ordinance, to make the final mandatory retirement age of firemen at 63 years. The council then sub-delegated its authority under the ordinance to the city manager to extend retirement of firemen after age 55 at one-year intervals where there were exceptional circumstances and the city's interest would be served. The ordinance required the employee to submit written application to the city manager, stating the reason for the requested extension and accompanied by a written report of a physical examination. It is this part of the ordinance which

comes under attack and was the basis for the trial court's ruling. The council established no criteria, standards or basis to guide the city manager in the exercise of his duties under the ordinance in determining what are "exceptional circumstances" and what is meant by "in the interest of the city." Thus, Saibini argues that the city manager can for any privately held, unknown and unknowable reason, subjectively satisfactory to himself, refuse to grant extension of the retirement age. Indeed, this contention has substance because counsel for the city urged in his brief to this court, "Your Honors must certainly recognize the fact that there might be many reasons for the Departmental Head to desire or not desire Respondent to continue in the service for an additional year: Reasons not necessarily connected with Respondent's health or service record. This Court must likewise realize that the City Manager might have many reasons other than the health and service record of Respondent for granting or not granting the additional tenure."

Tenure in public employment is a valuable right, and may not be dealt with arbitrarily. Saibini clearly had tenure under the Reno Charter and the Nevada Statutes based upon 30 years' satisfactory service. It is true he was not being discharged, but retired. His retirement, however, would just as surely cause him to be out of a job as if he were discharged. His compensation would be drastically reduced from that of battalion chief with 30 years' seniority to retirement pay at a time when he was physically able to perform his duties and was and had been rendering satisfactory performance of his work. The record indicates other Reno firemen beyond 55 years enjoyed extension of their retirement age, but the record is just as bare of the reasons why they were extended that privilege as it is bare of the reasons why Saibini was not.

The city could lawfully delegate power to the city manager to perform a ministerial function. In the delegation, however, it must fix standards and criteria to guide and direct him in the performance of those duties. Rhyne, in his work on Municipal Law § 4–10, says:

"Although it is generally conceded that the state legislature may delegate to its municipalities any powers it deems wise and proper, as an historical exception to the rule against delegation of legislative power, the extent to which a municipality may in turn delegate power in the performance of its functions

is controlled by the same principles which usually govern the delegation of powers by the state. Thus, it has been repeatedly held that a municipality may not delegate legislative or judicial power unless expressly authorized by the legislature. On the other hand, it is equally well recognized that a municipal governing body may delegate to subordinate officers or boards powers and functions which are ministerial or administrative, where there is a fixed and certain standard or rule which leaves nothing to the judgment or discretion of the subordinate or at most invest him with some reasonable discretion in administering the standard or rule." Here there were none. The entire determination of "exceptional circumstances and the best interest of the City" in extending the retirement were within the sole judgment and discretion of the city manager, unguided except for his personal conscience and sense of duty. While the record reveals nothing to cause us to suspect the city manager's performance, the law simply did not settle that authority upon him.

We hold therefore, that while the legislature gave Reno authority to require absolute retirement of firemen at 55 years, Reno extended that to 63 years if certain conditions were present. Reno then delegated by ordinance the duty to determine if those conditions were met to its city manager but without fixing any standards or criteria for him to follow. That sub-delegation under Section 4–23 of Reno Ordinance 1568 is void and without authority of law. Thompson v. Alameda, 77 P. 951 (Cal. 1904). In these circumstances the "retirement" of Saibini was tantamount to discharge which is not permissible except upon proof of justifiable cause at a hearing. Reno City Charter, Art. XX.

Rhyne in his work on Municipal Law at § 4–10 says: "However, laws or ordinances subjecting the rights of a citizen to the unlimited discretion of an officer, without any standard, rule or provision of law to govern or control his action, are unconstitutional."

NRS 30.130 requires the attorney general to be served with a copy of the proceedings and to be given opportunity to be heard in a constitutional attack on any statute, ordinance or franchise in any proceeding. He was served in this case and chose not to appear and be heard. He need not be made a party to the action. The statute is clear and needs no construction.

The trial court's judgment is sustained, and we order that respondent be reinstated to his position of battalion chief of the

Reno Fire Department with full pay and allowances as of July 1, 1966.

THOMPSON, C. J., and ZENOFF, J.