133 Nev., Advance Opinion 12

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA, OFFICE OF
THE ATTORNEY GENERAL,
Petitioner,
vs.
THE JUSTICE COURT OF LAS VEGAS
TOWNSHIP; AND THE HONORABLE
JUSTICE OF THE PEACE DEBORAH J.
LIPPIS,
Respondents,
and
MARIA ESCALANTE; AND RAMIRO
FUNEZ,
Real Parties in Interest.

No. 70795

FILED

APR 06 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus or prohibition challenging a justice court order denying a motion to reconsider an order dismissing a criminal complaint.

*Petition denied.*

Adam Paul Laxalt, Attorney General, Carson City; Lawrence VanDyke, Solicitor General, and Jordan T. Smith, Assistant Solicitor General, Carson City,
for Petitioner.

McCracken, Stemerman & Holsberry and Richard G. McCracken and Paul L. More, Las Vegas; Pitaro & Fumo, Chtd., and Thomas F. Pitaro, Las Vegas,
for Real Parties in Interest.

BEFORE HARDESTY, PARRAGUIRRE and STIGLICH, JJ.

17-11410

*OPINION*

By the Court, HARDESTY, J.:

This original proceeding requires us to determine whether NRS 30.130 entitles petitioner Nevada Office of the Attorney General (AG) to notice and an opportunity to be heard when constitutional challenges to Nevada statutes are raised in criminal proceedings. We conclude that the AG is not entitled to such notice or opportunity to be heard, and we thus deny the AG's petition for writ relief.

## FACTS AND PROCEDURAL HISTORY

In December 2015, real parties in interest Maria Escalante and Ramiro Funez were cited for trespassing at Red Rock Casino Resort & Spa in Las Vegas. An amended criminal complaint was filed charging Escalante and Funez (collectively, Escalante) each with one count of trespass in violation of NRS 207.200(1)(a). Escalante moved to dismiss both charges arguing that NRS 207.200(1)(a)[1] is unconstitutionally vague. Specifically, Escalante argued that the "vex or annoy" intent requirement is void for vagueness. The AG was not notified of the constitutional challenge to NRS 207.200(1)(a).

The justice court subsequently issued an order granting the motion to dismiss in part, determining that the "vex or annoy" intent

---

[1]NRS 207.200(1)(a) provides:

> Unless a greater penalty is provided pursuant to NRS 200.603, any person who, under circumstances not amounting to a burglary . . . [g]oes upon the land or into any building of another with intent to vex or annoy the owner or occupant thereof, or to commit any unlawful act . . . is guilty of a misdemeanor.

 

requirement in NRS 207.200(1)(a) is unconstitutionally vague. The justice court ordered defense counsel to provide a copy of the order to the AG. Upon receiving notification of the justice court's order, the AG filed a "motion to place on calendar," arguing that the AG was entitled to notice of the constitutional challenge under NRS 30.130.[2] Escalante objected, arguing that the AG was not entitled to notice before the court ruled on the constitutionality of NRS 207.200(1)(a).

After briefing, the justice court issued a second order denying the AG's motion and deciding that NRS 30.130 only applies to declaratory relief actions, has no applicability to criminal proceedings, and only entitles the AG to notice and opportunity to be heard in constitutional challenges to municipal ordinances or franchises.[3] This petition for writ relief followed.

## DISCUSSION

### Consideration of the AG's writ petition

A writ of mandamus is available to "compel the performance of an act" that the law requires or to control an arbitrary or capricious exercise of discretion. NRS 34.160. Because mandamus is an "extraordinary remed[y], we have complete discretion to determine whether to consider [it]." *Cote H. v. Eighth Judicial Dist. Court*, 124 Nev. 36, 39, 175 P.3d 906, 908 (2008). "This court will exercise its discretion to consider petitions for extraordinary writs . . . when

---

[2]The justice court treated the AG's motion as a motion to reconsider.

[3]Because we conclude that the AG is not entitled to notice of constitutional challenges in criminal proceedings under NRS 30.130, we do not address whether that statute applies only to constitutional challenges to municipal ordinances and franchises.

there . . . are . . . important legal issues that need clarification in order to promote judicial economy and administration." *State v. Eighth Judicial Dist. Court (Logan D.)*, 129 Nev. 492, 497, 306 P.3d 369, 373 (2013) (internal quotation marks omitted).

Whether NRS 30.130 entitles the AG to notice of constitutional challenges to statutes in criminal proceedings is an important legal issue in need of clarification, and statutes are often challenged on constitutional grounds in criminal proceedings. Therefore, in the interest of judicial economy and to provide guidance to Nevada's lower courts, we exercise our discretion to consider the AG's petition for a writ of mandamus.[4]

*NRS 30.130 does not require notice to the AG of constitutional challenges to Nevada statutes in criminal proceedings*

A writ of mandamus may be issued "to control a manifest abuse or arbitrary or capricious exercise of discretion." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931, 267 P.3d 777, 779 (2011). "A manifest abuse of discretion is a clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule." *Id.* at 932, 267 P.3d at 780 (internal quotation marks omitted). In

---

[4]Alternatively, the AG seeks a writ of prohibition. A writ of prohibition is applicable when a tribunal acts "without or in excess of [its] jurisdiction." NRS 34.320; *see also Club Vista Fin. Servs., LLC v. Eighth Judicial Dist. Court*, 128 Nev. 224, 228, 276 P.3d 246, 249 (2012). A writ of prohibition is inappropriate here because the justice court had jurisdiction to rule on Escalante's motion to dismiss and the AG's motion to reconsider. *See Goicoechea v. Fourth Judicial Dist. Court*, 96 Nev. 287, 289, 607 P.2d 1140, 1141 (1980) (explaining that we will not issue a writ of prohibition "if the court sought to be restrained had jurisdiction to hear and determine the matter under consideration").

the context of a writ petition, questions of statutory interpretation are reviewed de novo. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 198, 179 P.3d 556, 559 (2008).

"It is well established that when the language of a statute is plain and unambiguous, a court should give that language its ordinary meaning and not go beyond it." *Banegas v. State Indus. Ins. Sys.*, 117 Nev. 222, 225, 19 P.3d 245, 247 (2001). The plain meaning of a statute is generally "ascertained by examining the context and language of the statute as a whole." *Karcher Firestopping v. Meadow Valley Contractors, Inc.*, 125 Nev. 111, 113, 204 P.3d 1262, 1263 (2009).

NRS 30.130 provides:

> When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if the statute, ordinance or franchise is alleged to be unconstitutional, the Attorney General shall also be served with a copy of the proceeding and be entitled to be heard.

The AG argues that NRS 30.130 unambiguously requires that it be provided with notice of any constitutional challenge to any statute in any proceeding. In support of its argument, the AG asserts that this court's decision in *City of Reno v. Saibini*, 83 Nev. 315, 429 P.2d 559 (1967), is directly on point.

In *Saibini*, a battalion chief for the City of Reno Fire Department sought declaratory relief, arguing that a Reno city ordinance setting a mandatory retirement age for police and firefighters was

SUPREME COURT
OF
NEVADA

(O) 1947A

unconstitutional. *Id.* at 317-18, 429 P.2d at 560-61. The trial court ruled in the battalion chief's favor. *Id.* at 318, 429 P.2d at 561. On appeal, the City of Reno argued that the trial court's decision should be overturned because (1) the city ordinance was valid, and (2) the Attorney General did not appear at the trial court proceedings as required by NRS 30.130. *Id.* at 321, 429 P.2d at 563. In addition to holding that the challenged ordinance was unconstitutional, this court held that NRS 30.130 only requires that the AG be given notice and an opportunity to appear, not that he "be made a party to the action." *Id.* Because the AG was served in that case, the requirements of NRS 30.130 were satisfied. *Id.*

In reaching its conclusion, the *Saibini* court stated that "NRS 30.130 requires the [A]ttorney [G]eneral to be served with a copy of the proceedings and to be given opportunity to be heard in a constitutional attack on any statute, ordinance or franchise in any proceeding." *Id.* Relying on this statement, the AG argues here that NRS 30.130 requires that the AG be served and given the opportunity to be heard in any proceeding, including criminal proceedings, involving a constitutional challenge to a statute. We disagree.

*Saibini* involved an action for declaratory judgment, not a criminal proceeding, *id.* at 317, 429 P.2d at 560, and this court took the "any proceeding" language directly from the last sentence in NRS 30.130. *Id.* at 321, 429 P.2d at 563. Thus, when the *Saibini* court stated that the AG is entitled to notice in "any proceeding," it was in the context of a declaratory judgment proceeding. Indeed, the first sentence of NRS 30.130 states that "[w]hen *declaratory relief is sought*, all persons shall be made parties who have or claim any interest which would be affected by the declaration, *and no declaration shall prejudice the rights of persons not*

*parties to the proceeding.*" (Emphases added.) Reading the language of the statute as a whole, it is clear that "any proceeding" refers only to proceedings seeking "declaratory relief." *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 170 (2012) ("A word or phrase is presumed to bear the same meaning throughout a text.").

The overall statutory scheme also supports this interpretation of NRS 30.130 as not referring to criminal proceedings. NRS 30.010 to 30.160, which is the Uniform Declaratory Judgment Act (UDJA) clearly applies only to declaratory relief in civil actions. *See* NRS 30.040 (providing for declaratory relief in contract actions); NRS 30.060 (providing for declaratory relief in trust actions). And, a proceeding for declaratory relief itself is a civil action. *See* NRS 30.110 (providing that when a proceeding for declaratory relief "involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other *civil actions* in the court in which the proceeding is pending" (emphasis added)).

Other states that have enacted the UDJA agree that the AG is not entitled to notice in criminal proceedings. *See, e.g., State v. Kinstle*, 985 N.E.2d 184, 191 n.6 (Ohio Ct. App. 2012) (holding that the defendant was not required to provide the AG with notice of his constitutional challenge because it was raised in a criminal proceeding, not a declaratory relief action); *Ex parte Williams*, 786 S.W.2d 781, 782 (Tex. Crim. App. 1990) ("The [UDJA] is purely a creature of civil law. It has no application in criminal proceedings. Moreover, we are aware of no authority that requires a defendant who is asserting a statute is unconstitutional to serve the [AG]."). We find those decisions persuasive given the

requirement that the UDJA be "interpreted and construed as to effectuate [its] general purpose to make uniform the law of those states which enact [it]." NRS 30.160.

This interpretation of NRS 30.130 also is consistent with *Moldon v. County of Clark*, 124 Nev. 507, 188 P.3d 76 (2008), an eminent domain action. In that case, landowners argued that a statute governing interest earned on money deposited with the court was unconstitutional. The district court denied relief based in part on the landowners' failure to serve the AG under NRS 30.130 with notice of their constitutional challenge. *Id.* at 516 n.23, 188 P.3d at 82 n.23. Although it is unclear from this court's opinion whether the parties challenged that decision on appeal, this court concluded that the district court improperly relied on NRS 30.130 because "[t]he [landowners] were not seeking declaratory relief with their application; they were merely seeking to recover the interest earned on the condemnation deposit." *Id.* This observation in *Moldon* indicates that NRS 30.130 applies only to declaratory relief actions.

Based on the plain and unambiguous language of the statute and our existing caselaw, we conclude that NRS 30.130 does not entitle the AG to notice and opportunity to be heard when constitutional challenges to statutes arise in criminal proceedings.[5]

---

[5]We note that, under NRS 228.120, the AG may "[e]xercise supervisory powers over all district attorneys of the State in all matters pertaining to the duties of their offices, and from time to time require of them reports as to the condition of public business entrusted to their charge." Thus, the AG's supervisory authority over Nevada's district attorneys ensures that the AG's and the State's interests are already protected in criminal cases. Although not mandated by statute, it appears

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

## CONCLUSION

Because we conclude that NRS 30.130 does not entitle the AG to notice and opportunity to be heard in criminal cases, we further conclude that Escalante was not required to notify the AG of their constitutional challenge to NRS 207.200(1)(a). Accordingly, we conclude that the justice court did not manifestly abuse its discretion in deciding that NRS 30.130 applies only to actions for declaratory relief, and we thus deny the AG's petition for writ of mandamus.[6]

_____, J.
Hardesty

We concur:

_____, J.
Parraguirre

_____, J.
Stiglich

---

...continued

that NRS 228.120 would allow the AG to require district attorneys to report on constitutional challenges to statutes in criminal proceedings as a "condition of public business entrusted to their charge."

[6]Because our decision in this opinion is dispositive, we decline to address the AG's remaining arguments raised in this petition. We also decline to address the constitutional challenge to NRS 207.200(1)(a).