135 Nev., Advance Opinion 64

IN THE SUPREME COURT OF THE STATE OF NEVADA

JEFFREY BENKO, A NEVADA RESIDENT; CAMILO MARTINEZ, A NEVADA RESIDENT; ANA MARTINEZ, A NEVADA RESIDENT; FRANK SCINTA, A NEVADA RESIDENT; JACQUELINE SCINTA, A NEVADA RESIDENT; SUSAN HJORTH, A NEVADA RESIDENT; RAYMOND SANSOTA, AN OHIO RESIDENT; FRANCINE SANSOTA, AN OHIO RESIDENT; SANDRA KUHN, A NEVADA RESIDENT; JESUS GOMEZ, A NEVADA RESIDENT; SILVIA GOMEZ, A NEVADA RESIDENT; DONNA HERRERA, A NEVADA RESIDENT; JESSE HENNIGAN, A NEVADA RESIDENT; SUSAN KALLEN, A NEVADA RESIDENT; ROBERT MANDARICH, A NEVADA RESIDENT; JAMES NICO, A NEVADA RESIDENT; PATRICIA TAGLIAMONTE, A NEVADA RESIDENT; AND BIJAN LAGHAEI, Appellants,
vs.
QUALITY LOAN SERVICE CORPORATION, A CALIFORNIA CORPORATION; MTC FINANCIAL INC., D/B/A TRUSTEE CORPS, A CALIFORNIA CORPORATION; MERIDIAN FORECLOSURE SERVICE, A CALIFORNIA AND NEVADA CORPORATION, D/B/A MTDS, INC., D/B/A MERIDIAN TRUST DEED SERVICE; NATIONAL DEFAULT SERVICING CORPORATION, AN ARIZONA CORPORATION; AND

No. 73484

**FILED**

DEC 26 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

19-52112

CALIFORNIA RECONVEYANCE
COMPANY, A CALIFORNIA
CORPORATION,
Respondents.

Appeal from a district court order dismissing the case for failure to state a claim. Eighth Judicial District Court, Clark County; William D. Kephart, Judge.

*Affirmed.*

Law Offices of Nicholas A. Boylan, APC, and Nicholas A. Boylan, San Diego, California,
for Appellants.

Bryan Cave Leighton Paisner LLP and Lawrence G. Scarborough, Jessica R. Maziarz, and Kathryn E. Bettini, Phoenix, Arizona; Smith Larsen & Wixom and Kent F. Larsen and Katie M. Weber, Las Vegas,
for Respondent California Reconveyance Company.

Kolesar & Leatham, Chtd., and Michael R. Brooks, Las Vegas; Burke, Williams & Sorensen, LLP, and Richard J. Reynolds and Allan E. Ceran, Santa Ana, California,
for Respondent MTC Financial Inc.

McCarthy & Holthus LLP and Kristin A. Schuler-Hintz, Las Vegas,
for Respondent Quality Loan Service Corporation.

Tiffany & Bosco, P.A., and Jason C. Kolbe and Kevin S. Soderstrom, Las Vegas,
for Respondent National Default Servicing Corporation.

BEFORE THE COURT EN BANC.

 

*OPINION*

By the Court, HARDESTY, J.:

NRS Chapter 649 governs agencies engaged in debt collection in Nevada, while NRS Chapter 107 governs the deed of trust system and the nonjudicial foreclosure process. In this appeal, we determine whether trustees who exercise a power of sale under a deed of trust pursuant to NRS Chapter 107 are engaging in collection activities under NRS Chapter 649, such that they must be licensed under that chapter.[1]

Appellants, Jeffrey Benko and 18 other individuals (collectively referred to as Benko), brought a putative class action alleging that respondents, all of whom are current or former NRS Chapter 107 trustees, engaged in unlicensed debt collection agency activities by pursuing nonjudicial foreclosures on their homes. The district court dismissed the complaint, finding that the plain language of NRS Chapter 107 authorizes the actions allegedly performed by respondents. We agree.

---

[1]We note at the outset that the allegations set forth in the operative complaint occurred between 2008 and 2011. As we explain within this opinion, the Legislature has since addressed the question of whether trustees who exercise a power of sale under a deed of trust pursuant to NRS Chapter 107 must be licensed pursuant to NRS Chapter 649 with the enactment of NRS 107.028 in 2011. 2011 Nev. Stat., ch. 311, §§ 5.8, 5.9 at 1746-48. Since the allegations set forth in the operative complaint predate the enactment of NRS 107.028, this opinion concerns the governing statutory law applicable during that time period. We further note that any amendments made to certain statutes relied on in this opinion between 2008 and 2011 do not alter our analysis, nor do the parties argue as much.

 

While deed of trust trustees engage in activities that would otherwise meet the definition of a debt collection agency under NRS Chapter 649, the comprehensive scheme of NRS Chapter 107 demonstrates that the Legislature intended to exempt deed of trust trustees from NRS Chapter 649 licensing requirements. Because Benko's allegations concern conduct that falls within the scope of NRS Chapter 107, we conclude that respondents were not required to be licensed under NRS Chapter 649. Therefore, we affirm the district court's order of dismissal.

## FACTS AND PROCEDURAL HISTORY

Benko filed a putative class action against respondents Quality Loan Service Corporation; MTC Financial, Inc.; Meridian Foreclosure Services;[2] National Default Servicing Corporation; and California Reconveyance Company (collectively referred to as respondents), alleging claims of statutory consumer fraud under NRS 41.600, based on violations of NRS 649.075 and NRS 649.171, and unjust enrichment. Benko's statutory fraud claim relied on allegations that respondents acted as collection agencies when they pursued payment of claims owed or due, or asserted to be owed or due, to the lenders, and they did not hold the requisite license to act as a collection agency. Based on respondents' alleged illegal collection practices, Benko further claimed that respondents were unjustly enriched by substantial payments. Respondents sought to dismiss the claims, maintaining that they were not required to be licensed as collection agencies in their capacity as trustees under NRS Chapter 107.

---

[2]Of note, Meridian Foreclosure Services has not entered an appearance in this appeal.

The district court dismissed the case as a matter of law and directed judgment in favor of respondents because "[t]rustees are subject to NRS Chapter 107 and do not need to be licensed as collection agencies" and the "enforcement of security interests in real property does not constitute doing business in the State of Nevada." The district court found that NRS Chapter 107 empowers deed of trust trustees to contract and perform duties to accomplish nonjudicial foreclosure, that NRS Chapter 649 intends to exclude deed of trust trustees engaged in nonjudicial foreclosure from its licensing requirements, that enforcing a security interest in real property is not claim collection under NRS 649.010, and that, because enforcing a security interest does not constitute doing business, trustees do not need to be licensed.

Benko appeals, arguing that respondents engaged in activities under NRS Chapter 649 and were therefore not exempt from licensure.[3]

*DISCUSSION*

The issue before us is whether Benko raised viable causes of action because respondents, as deed of trust trustees, were required to be licensed under NRS Chapter 649 in order to conduct nonjudicial foreclosures pursuant to NRS Chapter 107. We review an order granting an NRCP 12(b)(5) motion to dismiss de novo. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008). We presume

---

[3]Benko also argues that the deed of trust trustees breached their fiduciary duty. However, Benko never asserted this as a cause of action in the complaint. Therefore, we conclude this issue was not preserved for appeal and do not address it. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (stating that failure to raise a point in the district court deems it waived and prevents this court from considering it on appeal).

SUPREME COURT
OF
NEVADA

(O) 1947A

that all alleged facts in the complaint are true and draw all inferences in favor of the complainant. *Id.* Dismissing a complaint is appropriate "only if it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief." *Id.* All legal conclusions in making an NRCP 12(b)(5) ruling are reviewed de novo. *Id.*

*The comprehensive scheme of NRS Chapter 107 demonstrates that the Legislature intended to exempt deed of trust trustees from NRS Chapter 649 licensing requirements*

Benko argues that nonjudicial foreclosure of a deed of trust falls within the definition of debt collection under NRS Chapter 649 and, thus, the district court erred in finding that respondents were exempt from NRS Chapter 649 licensure.

"When the language of a statute is unambiguous, the courts are not permitted to look beyond the statute itself when determining its meaning." *Westpark Owners' Ass'n v. Eighth Judicial Dist. Court*, 123 Nev. 349, 357, 167 P.3d 421, 427 (2007). When two statutes conflict, we attempt to read the statutes in a way that harmonizes them. *State, Dep't of Bus. & Indus., Fin. Insts. Div. v. Nev. Ass'n Servs., Inc.*, 128 Nev. 362, 368, 294 P.3d 1223, 1227 (2012); *see also Szydel v. Markman*, 121 Nev. 453, 457, 117 P.3d 200, 202-03 (2005) ("When two statutes are clear and unambiguous but conflict with each other when applied to a specific factual situation, an ambiguity is created and we will attempt to reconcile the statutes.").

As an initial matter, we agree with Benko that nonjudicial foreclosure of a deed of trust falls within the meaning of debt collection under NRS Chapter 649. Though the district court erroneously determined otherwise, the court did not have the benefit of the recent United States Supreme Court decision in *Obduskey v. McCarthy & Holthus LLP*, ___ U.S. ___, ___, 139 S. Ct. 1029, 1036-38 (2019). In *Obduskey*, the Court

specifically concluded that a law firm hired by the creditor to engage in nonjudicial foreclosure would satisfy the primary definition of a debt collector under the federal Fair Debt Collection Practices Act (FDCPA) as a business that "regularly collects or attempts to collect, directly or indirectly, debts," were it not for additional statutory language limiting the scope of the primary definition. ___ U.S. at ___, ___, 139 S. Ct. at 1033, 1036-37 (quoting 15 U.S.C. § 1692a(6) (2012)). As the Court explained, "a home loan is an obligation to pay money, and the purpose of a mortgage is to secure that obligation. Foreclosure, in turn, is the process in which property securing a mortgage is sold to pay off the loan balance due." *Id.* at ___, 139 S. Ct. at 1036 (internal citation and quotation marks omitted). Concluding that "foreclosure is a means of collecting a debt," the Court noted that a business pursuing nonjudicial foreclosures fell within the FDCPA's primary definition of a debt collector, as there is no requirement that the payment of the debt come from the debtor, only that the debt collector seek collection of a debt "owed or due to another," "directly or indirectly." *Id.* (internal quotation marks omitted); 15 U.S.C. § 1692a(6) (2012).

NRS Chapter 649 similarly defines a debt "[c]ollection agency" as "all persons engaging, directly or indirectly, and as a primary or a secondary object, business or pursuit, in the collection of or in soliciting or obtaining in any manner the payment of a claim owed or due or asserted to be owed or due to another." NRS 649.020(1). "Claim" is defined as "any obligation for the payment of money or its equivalent that is past due." NRS 649.010.

Like the FDCPA, NRS 649.020(1) includes in its definition those who indirectly attempt to collect past due payments, which would encompass respondents. NRS 649.020(1) also does not require that the

collection of debt come from the debtor, only that a collection agency seek "payment of a claim owed or due." "So, even if nonjudicial foreclosure were not a *direct* attempt to collect a debt, because it aims to collect on a consumer's obligation by way of enforcing a security interest, it would be an *indirect* attempt to collect a debt." *Obduskey*, ___ U.S. at ___, 139 S. Ct. at 1036-37. Accordingly, in light of *Obduskey,* the district court erred in concluding that nonjudicial foreclosures do not amount to seeking payment of a claim, and the parties' reliance on caselaw to the contrary is misplaced.[4]

Nevertheless, we conclude that businesses engaged in nonjudicial foreclosures in Nevada do not need to be licensed as debt collectors under NRS Chapter 649 because NRS Chapter 107's comprehensive statutory scheme specifically governs nonjudicial foreclosures and thus trumps the more generalized application of NRS Chapter 649 and because it is the most logical way to harmonize the

---

[4]The Supreme Court's conclusion that a business enforcing a security interest through nonjudicial foreclosure is a debt collector runs counter to lower federal court caselaw that is cited by the parties and was relied on by the district court. *See Ho v. ReconTrust Co., NA*, 858 F.3d 568, 572 (9th Cir. 2017) ("[f]ollowing a trustee's sale, the trustee collects money from the home's purchaser, not from the original borrower," and it is therefore not considered debt collection); *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) (stating that "[f]oreclosing on a trust deed is distinct from the collection of the obligation to pay money" because the lender was "foreclosing its interest in the property," and the "[p]ayment of funds [was] not the object of the foreclosure action"); *see also Erickson v. PNC Mortg.*, No. 3:10-CV-0678-LRH-VPC, 2011 WL 1626582, at *2 (D. Nev. Apr. 27, 2011) ("It is well established that non judicial foreclosures are not an attempt to collect a debt under the Fair Debt Collection Practice Act and similar state statutes.").

conflicting provisions of NRS Chapters 649 and 107. To hold otherwise would permit two distinct and conflicting schemes to regulate the nonjudicial foreclosure process. This cannot logically be so.[5]

First, the Legislature created a comprehensive statutory scheme governing a trustee's role in nonjudicial foreclosures. A deed of trust operates as a three-party security interest, whereby the trustee holds legal title to the borrower's property as security for the obligations owed to the lender. *See* NRS 107.020; NRS 107.028; NRS 107.080. The Legislature conferred the power of sale upon trustees. NRS 107.080 (2007). Specifically, when a borrower defaults, the trustee may pursue nonjudicial foreclosure pursuant to the procedures set forth in NRS Chapter 107. *Edelstein v. Bank of New York Mellon*, 128 Nev. 505, 513, 286 P.3d 249, 254-55 (2012); NRS 107.080 (2007). NRS Chapter 107 explicitly prohibits a trustee from executing its power of sale before it has complied with "certain statutory requirements." *Edelstein*, 128 Nev. at 513, 286 P.3d at 254-55; NRS 107.080 (2007). In addition to specifying the things required of deed of trust trustees, NRS Chapter 107 also defines the consequences of such trustees' failure to comply. For example, NRS 107.080(5) (2007) provides that a sale made pursuant to NRS Chapter 107 may be declared void if the

---

[5]Respondents additionally argue that the Legislature occupied the field of nonjudicial foreclosure via NRS Chapter 107 and thus preempted NRS Chapter 649 from applying to persons acting in the capacity of trustee under a deed of trust. We reject respondents' argument because preemption applies to conflicts between federal, state, or local government control—not to conflicting terms within Nevada statutes. *See Nanopierce Techs., Inc. v. Depository Tr. & Clearing Corp.*, 123 Nev. 362, 370, 168 P.3d 73, 79 (2007) ("The preemption doctrine . . . provides that federal law supersedes conflicting state law . . . ."); *City of Reno v. Saibini*, 83 Nev. 315, 319, 429 P.2d 559, 561 (1967) (discussing the Legislature's power to preempt local law or otherwise delegate authority to local municipalities).

SUPREME COURT
OF
NEVADA

(O) 1947A

trustee did not substantially comply with the provisions of the chapter. *See also* NRS 107.077(3), (9) (1999) (detailing that trustees are subject to civil and criminal liability for failure to record a reconveyance of the deed of trust).

In contrast to the specific scheme set forth in NRS Chapter 107, NRS Chapter 649 empowers the Commissioner of the Division of Financial Institutions (FID) to regulate collection agencies in general. *See* NRS 232.510(2)(b) (2007) (establishing FID); NRS 649.051 (authorizing the commissioner to enforce NRS Chapter 649); NRS 649.053 (empowering the commissioner to adopt regulations necessary to carry out the provisions of NRS Chapter 649). Because NRS 107.080 (2007) specifically identifies the duties of a trustee engaged in nonjudicial foreclosure, while NRS Chapter 649 generally governs agencies engaged in debt collection in Nevada, we conclude the Legislature intended that trustees may engage in nonjudicial foreclosures pursuant to NRS Chapter 107 without licensure under NRS 649.020. *See State, Dep't of Taxation v. Masco Builder Cabinet Grp.*, 129 Nev. 775, 778, 312 P.3d 475, 478 (2013) ("A specific statute controls over a general statute." (internal quotations marks omitted)); *cf. Obduskey*, ___ U.S. at ___, 139 S. Ct. at 1039 (stating that statutory "exclusion of the enforcement of security interests must also exclude the legal means required to do so" (internal quotation marks omitted)).

Second, the conflicting provisions of NRS Chapters 107 and 649 further support our conclusion that businesses engaged in nonjudicial foreclosure do not need to be licensed as debt collectors in Nevada. NRS Chapter 107 proscribes a trustee from executing its power of sale until it has complied with the statutory requirements. *See* NRS 107.080 (2007); *Edelstein*, 128 Nev. at 513, 286 P.3d at 254-55. Among these requirements,

trustees must first execute a notice of breach and an election to sell the property to satisfy the obligation and must include in the notice of sale a litany of information that puts the property owner on notice of the amount owed. NRS 107.080(2)(b), (3) (2007). Prior to exercising its power of sale on an owner-occupied residence, a trustee must also provide to the title holder of record the contact information of someone with authority to negotiate a loan modification and of a local housing counseling agency approved by the United States Department of Housing and Urban Development, as well as a form giving the option to enter into or waive mediation. NRS 107.086(2) (2009).

In contrast, NRS 649.375 prohibits a number of actions that traditionally accompany nonjudicial foreclosure—for example, advertising the sale of a claim, publishing a list of debtors, or offering counseling in conjunction with debt collection. *See* NRS 649.375(6)-(8). Because the trustee is obligated under NRS Chapter 107 to offer mediation and publish and post information about the sale, which necessarily reveals the identity of the debtor, before foreclosing, yet would be prohibited from taking such actions under NRS Chapter 649 as a debt collector, there is a clear conflict between the statutes. Reading these statutory provisions in harmony, we conclude that the Legislature intended to exempt deed of trust trustees from qualifying as debt collectors so long as they are acting within their power as trustees under NRS 107.080 (2007). *See Szydel v. Markman*, 121 Nev. 453, 457, 117 P.3d 200, 203 (2005) ("[W]e will attempt to read [conflicting] statutory provisions in harmony, provided that this interpretation does not violate legislative intent.").

Moreover, NRS 649.020's definition of "collection agency" further demonstrates the Legislature's intent to exclude deed of trust

SUPREME COURT
OF
NEVADA

(O) 1947A

11

trustees from NRS Chapter 649's licensing requirements. The only reference to nonjudicial foreclosure in NRS Chapter 649 concerns a "community manager" foreclosing on an assessment lien in the common-interest community and condominium hotel contexts. NRS 649.020(3). Based on this singular reference to nonjudicial foreclosure, we can infer that the Legislature's exclusion of deed of trust trustees from NRS Chapter 649's licensure requirements was intentional. *See In re Estate of W.R. Prestie*, 122 Nev. 807, 814, 138 P.3d 520, 524 (2006) (recognizing "the fundamental rule of statutory construction that [t]he mention of one thing implies the exclusion of another" (alteration in original) (internal quotation marks omitted)).[6]

---

[6]The parties discuss at length, and the district court mentioned, NRS 107.028, which provides ten categories of those who may serve as a nonjudicial foreclosure trustee, including a collection agency. Respondents argue that NRS 107.028 does not mandate that a deed of trust trustee be licensed as a collection agency because, by including a collection agency as one of the ten types of qualified trustees, the Legislature acknowledged that a trustee need not be licensed pursuant to NRS Chapter 649. As the parties note, NRS 107.028 did not become effective until October 2011. 2011 Nev. Stat., ch. 311, §§ 5.8, 5.9 at 1746-48. In the third amended complaint, Benko alleged that notices of default on the various properties at issue were filed between 2008 and 2011. As such, we do not rely on NRS 107.028 to reach our conclusion that the Legislature has not required that deed of trust trustees qualify as debt collectors. However, we note that this provision supports this conclusion because requiring a trustee to possess a collection agency license would render the remaining credentialed categories meaningless. *See Libby v. Eighth Judicial Dist. Court*, 130 Nev. 359, 363-64, 325 P.3d 1276, 1279 (2014) (stating that this court avoids interpretations that would render words or phrases in a statute superfluous or meaningless).

SUPREME COURT
OF
NEVADA

(O) 1947A

*The district court correctly granted respondents' motion to dismiss for failure to state a claim because all of Benko's allegations fall within the scope of NRS Chapter 107*

Having concluded that deed of trust trustees need not qualify as debt collectors so long as they are acting within their power as trustees under NRS Chapter 107, we now turn to the allegations set forth in the complaint. We determine that each of Benko's allegations falls within the scope of NRS Chapter 107.[7]

First, Benko alleges that respondents pursued claim collection through the reinstatement of defaulted debts, forbearance agreements for the defaulted debts, or loan modification agreements, or otherwise requested or directed payment of a defaulted claim. A trustee must communicate the amount of the defaulted debt and all fees imposed by the power of sale. NRS 107.080(2)(b), (3) (2007). Thus, NRS Chapter 107 contemplates that the trustee—as both the common agent of the lender and the borrower, and the person conducting the foreclosure sale—would collect money from the borrower or otherwise discuss the foreclosure status of the property and related arrangements. Such activity does not amount to claim collection.

Second, Benko asserts that respondents forwarded monies collected from defaulted claims to the lender. NRS 107.030(7) (2005) permits a deed of trust to adopt by reference a provision empowering a trustee to apply the proceeds from a foreclosure sale to the defaulted debts. Accordingly, NRS Chapter 107 expressly contemplates such activity.

---

[7]The allegations in the complaint were plaintiff-specific, so the actual complaint has various allegations by different plaintiffs. However, because it is a putative class action—and in the interest of consistency—any specific plaintiff's allegation is said here to have been alleged by Benko.

Third, Benko alleges that respondents acquired the security for the defaulted debt to pursue claim collection. While NRS 107.081(1) (2005) prohibits the trustee, as the agent conducting the sale, from having any interest in the property or in others purchasing the property, NRS 107.080(1) (2007) confers the power of sale upon the trustee. Thus, to the extent Benko alleges that respondents collected a claim by conducting the sale of the property, such act is within the statutory power of the trustee.

Fourth, Benko maintains that debt collection includes the basic foreclosure process of filing default notices. For the reasons stated above, we disagree that deed of trust trustees engaged in nonjudicial foreclosure need to be licensed pursuant to NRS Chapter 649. Moreover, NRS 107.080 (2007) explicitly empowers a trustee to initiate and complete the nonjudicial foreclosure process. NRS 107.080(1) (2007) ("[A] power of sale is hereby conferred upon the trustee to be exercised after a breach of the obligation for which the transfer is security."). Thus, we conclude that Benko's allegations fall within the scope of NRS Chapter 107 such that NRS Chapter 649 does not apply in this instance.

## CONCLUSION

While deed of trust trustees engage in activities that would otherwise meet the definition of a collection agency under NRS Chapter 649, the comprehensive statutory scheme of NRS Chapter 107 demonstrates that the Nevada Legislature did not intend that deed of trust trustees be subjected to NRS Chapter 649 licensing requirements when they are engaged in nonjudicial foreclosures. Because NRS Chapter 107's comprehensive statutory scheme specifically governs nonjudicial foreclosure, preventing the more generalized application of NRS Chapter

 

649, and because it is the most logical way to harmonize the conflicting provisions of NRS Chapters 649 and 107, we conclude that respondents were not required to be licensed under NRS Chapter 649. And because Benko's allegations fall within the bounds of NRS Chapter 107, we hold that Benko has not pleaded a cognizable cause of action. Thus, we affirm the district court's order granting respondents' motion to dismiss for failure to state a claim.[8]

_____, J.
Hardesty

We concur:

_____, C.J.
Gibbons

_____, J.
Parraguirre

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Stiglich

_____, J.
Silver

---

[8]Because we conclude that trustees engaged in nonjudicial foreclosure do not need to be licensed as debt collectors, we do not reach the question of whether respondents were exempt from licensure under NRS 80.015. Neither do we address the claim for unjust enrichment. Further, we do not grant Benko leave to amend his complaint because it was waived. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (stating that failure to raise a point in the district court renders it waived and prevents this court from considering it on appeal).